Kenneth SHIBLEY *v.* STATE of Arkansas

CR 95-1353                                    920 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered April 22, 1996

*Jeff Rosenzweig,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen.,
for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant was sentenced as a habitual offender to a total of seventy years imprisonment for the crimes of residential burglary, Ark. Code Ann. § 5-39-201(a) (Repl. 1993) and theft of property, Ark. Code Ann. § 5-36-103 (Repl. 1993). The issue on appeal is whether, under the particular circumstances of this case, the appellant was deprived of his constitutional right to counsel. We hold that he was not, and affirm his convictions.

The appellant was charged by information on May 24, 1994. Initially, counsel was appointed to represent him. However, in January of 1995, the appellant, with his own funds, hired attorney John L. Kearney. Kearney was officially substituted as counsel of record on January 24, 1995.

Unbeknownst to the appellant, Kearney had recently been the subject of disciplinary proceedings before the Supreme Court Committee on Professional Conduct. By letter opinion issued May 26, 1994, the Committee suspended Kearney's license for six months. Kearney appealed the suspension, and the appeal was pending in January of 1995, when he was hired by the appellant. At no time between the day Kearney was hired and the day of the appellant's trial on June 1, 1995, did Kearney inform the appellant that he was in the process of appealing a suspension of his license to practice law.

On May 22, 1995, ten days before the appellant's trial, we issued our opinion affirming the Committee's suspension of Kearney's license. *Kearney* v. *Committee on Professional Conduct*, 320 Ark. 581, 897 S.W.2d 573 (1995). However, in accordance with Ark. Sup. Ct. R. 5-3, our mandate was not issued until June 9, 1995, eight days after the appellant's trial.

The appellant first learned of the disciplinary action against Kearney more than three weeks after trial, in a letter from Kearney dated June 23, 1995. The appellant hired a new lawyer and, on July 5, 1995, filed a motion for a new trial. The basis for his motion was that Kearney's failure to disclose his licensure status deprived him of his constitutional right to counsel, and that, had he known of the disciplinary proceedings against Kearney, he would have sought a continuance and retained another attorney.

At a hearing on the motion, Kearney admitted that he did not tell the appellant of the disciplinary proceedings against him until

his letter of June 23. However, he stated that he did not learn of this court's decision affirming the Committee's action until June 14 or 15.

On July 24, 1995, the court denied the appellant's motion for a new trial. Specifically, the court found:

> On the date of Defendant's jury trial, Mr. Kearney did not know his suspension had been affirmed by the Supreme Court and his license to practice law had not yet been suspended. His representation of the Defendant was, in the judgment of this court, effective.

It is from this order that the appellant brings his appeal.

The appellant concedes that, technically speaking, Kearney's license was still active until June 9, 1995, the date our mandate was issued. The record in this case does not reflect the proceedings surrounding Mr. Kearney's suspension, so we do not know if he effectively stayed the Committee's May 26, 1994, suspension of his license. See Procedures of the Court Regulating Professional Conduct of Attorneys at Law, § 5(H). However, since the appellant does not argue this point, we will assume, for purposes of this appeal, that Mr. Kearney was duly licensed on the date of the appellant's trial, June 1, 1995.

The appellant first challenges the trial court's finding that, on the date of the trial, Kearney was unaware that this court had affirmed the suspension of his license. A trial court's findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. ARCP 52(a). *See also Tovey v. City of Jacksonville*, 305 Ark. 401, 808 S.W.2d 740 (1991). The trial court obviously believed Kearney's testimony that he was unaware his appeal had been resolved until sometime after the appellant's trial. However, the appellant argues that Kearney's professed ignorance is not believable, and he points to our official report of Kearney's appeal which indicates Kearney was proceeding *pro se*. Kearney denied at the hearing that he had handled his own appeal, insisting that the appeal was handled by his brother, *Jeff* Kearney. Indeed, the SouthWestern Reporter lists Jeffrey Kearney as attorney. We also note Kearney's testimony that, during the course of the appeal, our clerk's office mistakenly communicated with an attorney who no longer represented Kearney. In light of the foregoing, there was a

legitimate dispute concerning when Kearney became aware that his suspension had been affirmed. We defer to the trial court's ascertainment of the credibility of the witness and therefore cannot say that the court's finding was clearly erroneous.

In light of the appellant's concession that Kearney was still a licensed attorney at the time of trial, and in light of the trial court's findings regarding the timing of Kearney's knowledge, the question on appeal, pared to its essence, is this: is an appellant deprived of his constitutional right to counsel if his licensed attorney fails to inform him that he is in the process of appealing a license suspension?

The appellant urges us to hold that Kearney, in failing to so inform him, violated the spirit, if not the letter, of certain rules governing attorney conduct. In particular, he points to Rule 1.4(b) of the Model Rules of Professional Conduct and § 7(D) of the Procedures of the Court Regulating Professional Conduct of Attorneys at Law. Rule 1.4(b) reads:

> A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Section 7(D) provides:

> In every case in which an attorney is disbarred, suspended or surrenders his license, the attorney shall, within twenty (20) days of the disbarment, suspension or surrender:
>
> 1) Notify all his clients in writing. . . .

■    There has been no specific finding, either by the Committee on Professional Conduct or by the trial court, that Kearney violated these rules. It is not the function of this court to make such findings in the first instance. Our task is to conduct an appellate review of rulings obtained at the appropriate judicial or administrative level. We do not address an issue in the absence of such a ruling. *Laudan v. State*, 322 Ark. 58, 907 S.W.2d 131 (1995). Therefore, we decline to speculate on the effect of possible attorney conduct violations on an appellant's right to counsel, or whether such violations occurred at all.

Next, the appellant cites a number of federal cases, particularly from the Second Circuit, which address the issue of how a lawyer's misconduct or licensure status may affect a client's right to counsel.

That circuit has recognized that, in cases where counsel has never passed the bar exam, or has obtained his law license by fraudulent means, or is himself implicated in the same crime the accused is charged with, there is a *per se* violation of the appellant's right to counsel. *See Solina* v. *United States*, 709 F.2d 160 (2d Cir. 1983); *Novak* v. *United States*, 903 F.2d 883 (2d Cir. 1990); and *United States* v. *Cancilla*, 725 F.2d 867 (2d Cir. 1984), respectively. However, the Second Circuit has expressly refused to extend its *per se* rule beyond those extreme situations. *See Bellamy* v. *Cogdell*, 974 F.2d 302 (2d Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1383 (1993), a case with facts similar to this one in which the court found no violation of the accused's right to counsel.

The state cites the case of *United States* v. *Williams*, 934 F.2d 847 (7th Cir. 1991). There, a disciplinary committee decided to suspend counsel's license during the time counsel was representing the appellant at trial. However, the suspension did not become effective until after trial. The Seventh Circuit declined to hold that such circumstances constituted a *per se* violation of appellant's right to counsel.

Our research has turned up a number of cases involving disciplinary orders which were not effective until after trial or of which the parties were unaware until after trial. *United States* v. *Stevens*, 978 F.2d 565 (10th Cir. 1992); *United States* v. *Mouzin*, 785 F.2d 682 (9th Cir.), *cert. denied*, 479 U.S. 985 (1986); *McDougall* v. *Rice*, 685 F. Supp. 532 (W.D.N.C. 1988); *Commonwealth* v. *Beverly*, 389 Mass. 866, 452 N.E.2d 1112 (1983); *People* v. *Watkins*, 220 Ill. App. 3d 201, 581 N.E.2d 145 (1991). In these cases, the courts held that there was no violation of the accused's right to counsel.

■ The appellant in this case was represented at trial by an attorney who he admits was duly licensed. He can point to no errors or omissions on the part of his attorney, nor to any tangible effect that his attorney's pending suspension had on his trial. Under the circumstances of this case, we find no violation of appellant's right to counsel.

Affirmed.