Anthony SANDERS *v.* STATE of Arkansas

CR 97-961                                    956 S.W.2d 868

Supreme Court of Arkansas
Opinion delivered December 18, 1997

*Jerry Larkowski,* for appellant.

No response.

PER CURIAM. In accordance with our mandate, the trial court conducted a hearing to determine whether appellant

Anthony Sanders had requested his trial counsel, Mark Jesse, to file an appeal from his conviction. After hearing conflicting testimony on this issue, the trial court found Sanders informed Mr. Jesse to appeal, but that Sanders failed to make arrangements to pay for transcript costs, nor would Sanders execute a truthful affidavit in order to pursue the appeal as an indigent.

■ Rule 16 of the Appellate Procedure—Criminal provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or supreme court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal has been filed, the supreme court shall have exclusive jurisdiction to relieve counsel and appoint new counsel. *Id.*

Here, defense counsel Mark Jesse has never been relieved as attorney of record. Moreover, if Mr. Jesse believed the appeal had no merit, he was obligated to either obtain permission from the trial court to withdraw before the notice of appeal was filed or file a motion to withdraw in this court after the notice of appeal was filed. *Gay v. State*, 288 Ark. 589, 707 S.W.2d 320 (1986).

■ ■ The failure to perfect an appeal in a criminal case where the defendant desires an appeal constitutes a denial of effective assistance of counsel and is good cause for granting a belated appeal. *Id.* Here, Mr. Jesse failed to withdraw or file an appeal, but new counsel, Jerry Larkowski, appears as retained counsel on Sanders's behalf. Apparently Sanders filed a pro se notice of appeal before retaining Larkowski, who has filed a motion for belated appeal for Sanders. Sanders's motion for belated appeal shall be granted contingent upon Jesse's filing a motion to be relieved as counsel in this court with a request to substitute Mr. Larkowski in his stead.