Donald R. FRAZIER *v*. STATE of Arkansas

CR 99-340                                    3 S.W.3d 334

Supreme Court of Arkansas
Opinion delivered November 11, 1999

*Petitioner*, pro se.

No response.

PER CURIAM. On October 12, 1998, judgment was entered reflecting that Donald R. Frazier had been found guilty by a jury of aggravated robbery, residential burglary, and theft of

property. An aggregate term of 120 months' imprisonment was imposed. Frazier was represented at trial by his retained attorney, John Kearney. No appeal was taken, and Frazier filed a motion here seeking to proceed with a belated appeal of the judgment pursuant to Rule 2(e) of the Rules of Appellate Procedure—Criminal, which permits a belated appeal in a criminal case in some instances.

Petitioner Frazier contended that he told counsel he desired to appeal. In an affidavit filed in response to the motion for belated appeal, Mr. Kearney denied that appellant had requested that an appeal be taken. Because the resolution of the matter required findings of fact, we remanded the motion to the trial court for an evidentiary hearing on the issue of whether counsel was made aware within the time period allowed for filing a notice of appeal that petitioner desired to appeal. *Frazier v. State*, CR 99-340 (July 1, 1999). The trial court's Findings of Fact and Conclusions of Law and the transcript of the evidentiary hearing are now before us.

The court took testimony at the hearing from Frazier and Kearney on the question of fact to be resolved. After hearing the conflicting testimony, the court concluded the following:

> ...[Frazier] failed to inform his attorney that [he] desired to appeal within the time allowed by law. However, it does appear that due to [his] age[1] and education or lack of education, that [he] took actions that implied he desired to appeal, within the time allowed by law.

The court supported its conclusion that Frazier implied his desire to appeal with references to Frazier's testimony that Frazier wrote Kearney approximately one week after his trial inquiring about the status of the case and asking whether Kearney was going to continue as his attorney. Frazier further testified that he, his father, and Kearney engaged in a three-way telephone conversation about a week after he wrote the letter, to which there had been no response, in which Frazier inquired again as to the status of the case and whether Kearney was continuing as his attorney and "furthering" the case. Kearney was alleged by Frazier to have answered in the affirmative. Kearney testified that he had no recollection of any correspondence from Frazier or the three-way telephone call.

---

[1] Frazier was seventeen when convicted.

The court's findings indicate that while Frazier may not have used the words, "I wish to appeal," the court accepted Frazier's assertions he did communicate with Kearney about his desire to pursue whatever remedy was available to him. The court concluded that Frazier's failure to articulate that the remedy he desired was a direct appeal of the judgment was caused by his youth and lack of education. As the merit of the motion for belated appeal rested on the credibility of the witnesses and this court recognizes that it is the lower court's task to assess the credibility of witnesses and resolve conflicts of fact, we accept the trial court's finding that Kearney knew that Frazier desired to pursue his legal remedies and that the remedy available was a direct appeal of the judgment. *See Allen v. State*, 277 Ark. 380, 641 S.W.2d 710 (1982). Accordingly, the motion for belated appeal is granted.

Because petitioner Frazier asked in his motion to proceed with a belated appeal to be declared indigent and to have the record brought up at public expense, we directed the trial court to also take testimony on petitioner's eligibility to proceed *in forma pauperis* if he were ultimately allowed to proceed with an appeal. The court found that petitioner has no income, no money on deposit, and no property and concluded that he was indigent. We are satisfied in light of the court's findings that petitioner is indeed entitled to proceed as a pauper.

As Mr. Kearney, who was retained below, has never been relieved as counsel for petitioner, he remains attorney-of-record and is appointed to represent the appellant. Our clerk will lodge the partial record which was filed with the motion for belated appeal, and counsel is directed to file within thirty days a petition for writ of certiorari to bring up the remainder of the record, or that portion of it, necessary for the appeal.

Motion granted.