Elizabeth STROM *v.* STATE of Arkansas

CR 01-933                                      55 S.W.3d 297

Supreme Court of Arkansas
Opinion delivered September 27, 2001

*Wilson & Associates, P.L.L.C.,* by: *Patrick J. Benca,* for appellant.

No response.

PER CURIAM. Elizabeth Strom seeks permission to file a belated appeal with this court. Strom was convicted of manufacturing a controlled substance and possession of drug paraphernalia on February 15, 2000; the judgment and conviction order was entered on February 28, 2000. On May 10, 2000, Strom filed a *pro se* petition for postconviction relief under Ark. R. Crim. P. 37. The trial court denied that petition on July 20, 2000.

On April 12, 2001, Strom filed a *pro se* motion to vacate or set aside her convictions, alleging that her trial attorney, Stuart Vess, had failed to file a direct appeal despite her request that he do so. The partial record that accompanied the present motion does not

reflect that any further action was taken on that motion. On August 28, 2001, within the eighteen months provided by Ark. R. App. P.—Crim. 2(e), Strom filed her motion for belated appeal, in which she argues that she should be entitled to an appeal now because Vess did not file a notice of appeal after her conviction in February of 2000. Under Ark. R. App. P.—Crim. 16, trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the supreme court, unless permitted by the trial court or the supreme court to withdraw in the interest of justice or for other sufficient cause. *See also Green v. State*, 276 Ark. 313, 634 S.W.2d 140 (1982). In an affidavit attached to her motion, Strom contends that Vess refused to file a notice of appeal because he believed it to be futile and because she could not afford his fee for such representation. To date, Vess has not filed any kind of response to these allegations.

We remand this matter to the trial court for a hearing to settle the record in order to determine whether Strom had requested Vess to file a notice of appeal and whether Rule 16 has been complied with. The parties have thirty days from the date of this per curiam to settle these issues.