Amy BANKSTON *v.* STATE of Arkansas

CR 03-1082                                    125 S.W.3d 146

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*Hampton & Larkowski*, by: *Mark F. Hampton*, for appellant.

No response.

PER CURIAM. On March 19, 2002, a judgment and conviction order was entered reflecting that Amy Bankston had entered a plea of guilty to one charge of second degree murder and three counts of terroristic act. She was sentenced by the trial court to an aggregate term of eighty years' imprisonment. Bankston was represented at trial by attorney Dana Reece. No appeal was taken from the sentencing judgment, and Bankston now seeks to proceed with a belated appeal pursuant to Rule 2(e) of the Rules of Appellate Procedure—Criminal, which permits a belated appeal in a criminal case in some instances. Petitioner Bankston contends that she desired to appeal the sentences, but was advised by Ms. Reece that an appeal would not be in her best interests. Nothwithstanding advice of counsel, Bankston claims that members of her family tried repeatedly to contact Ms. Reece in person and by telephone, but were unsuccessful. In her motion, Ms. Bankston, by her newly retained counsel, Mark Hampton, requests that she be granted leave to file a belated appeal, allow Ms. Reece to be withdrawn as attorney of record, that Mark Hampton be allowed to enter an appearance on behalf of appellant, and that, in the alternative, the case be remanded to the trial court to settle the record.

There is no order in the record relieving Dana Reece as counsel in this case. Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court appointed, *shall* continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. However, under Rule 2(a)(1) of the Rules of Appellate Procedure—Criminal, we have held that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed

for filing a notice of appeal. *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988).

■ Because the proper disposition of the motion for belated appeal in this case requires findings of fact which must be made in the trial court, we remand this matter to the circuit court for an evidentiary hearing on the issue of whether Ms. Reece was informed by petitioner Bankston of her desire to appeal within the time period allowed for filing a notice of appeal. *See Strom v. State*, 346 Ark. 160, 55 S.W.3d 297 (2001). The trial court is directed to enter Findings of Fact and Conclusions of Law within ninety days and to submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded.