Larry PETERS *v.* STATE of Arkansas

CR 06-1188                                      255 S.W.3d 476

Supreme Court of Arkansas
Opinion delivered April 12, 2007

*Billy Moritz*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. A judgment and commitment order entered on July 22, 2005, indicates that Larry Peters was found

guilty by a jury of possession of a controlled substance (cocaine) with intent to deliver, delivery of a controlled substance (cocaine), possession of drug paraphernalia, and theft by receiving, and that he received an aggregate sentence of 20 years' or 240 months' imprisonment in the Arkansas Department of Correction. On December 14, 2006, we remanded this case and issued a writ of certiorari, directing the circuit court to enter findings with this court within 60 days regarding whether Mr. Peters advised his trial counsel, Mr. Billy Moritz, that he wished to appeal within 30 days from the date the judgment was entered. *See* Ark. R. App. P. – Crim. 2(e) (2006).

■ The circuit court was untimely in tendering the findings due to the Nevada County Sheriff's Office's failure to transport Mr. Peters on the date of the scheduled hearing, February 6, 2007. The circuit court rescheduled the hearing and conducted it on March 14, 2007. The circuit court, thereafter, entered its findings on March 16, 2007. The State now asks that we grant a belated return of a writ of certiorari in order to take notice of the circuit court's findings. We grant the State's motion to file the belated writ and deny Mr. Peters's request for a belated appeal.

■ While it is well settled that a defendant has the right to appeal the judgment, a belated appeal is not proper when a defendant waives his or her right to appeal by failing to inform trial counsel of their intent to appeal within 30 days of the entry of the judgment. *See Strom v. State,* 348 Ark. 610, 74 S.W.3d 233 (2002). At the hearing, the circuit court concluded: "I am finding that Mr. Moritz did advise [Mr. Peters] of the right to appeal, and [Mr. Peters], at that time, did not want to appeal." Based on these findings, we must conclude that Mr. Peters waived his right to appeal when he failed to timely inform his counsel of his intent to appeal. *See id.* Consequently, Peters's motion to file a belated appeal is denied.