SLIP OPINION

Cite as 2016 Ark. 330

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–609

| | |
|---|---|
| KENNETH SILER<br><br>               PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>               RESPONDENT | **Opinion Delivered** October 6, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[POLK COUNTY CIRCUIT COURT,<br>NO. 57CR–12–58]<br><br><br>REMANDED. |

## PER CURIAM

In 2015, petitioner Kenneth Siler was found guilty by a jury of manufacturing a controlled substance, possession of drug paraphernalia, and being a felon in possession of a firearm. He was sentenced to an aggregate sentence of 432 months' imprisonment. Siler was represented at trial by his appointed attorney, Brandon Crawford. No appeal was taken from the judgment of conviction, which was entered on June 26, 2015, and Siler now seeks to proceed with a belated appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(e) (2015), which permits a belated appeal in a criminal case in some instances. Siler contends that he asked Crawford at the time of sentencing to appeal from the judgment, but Crawford failed to file a notice of appeal.

It is the practice of this court when a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal, and the record does not contain an order relieving trial counsel, to request an affidavit from the trial attorney in response to the allegations in the motion. There is no order relieving Crawford in the record filed in this case. The affidavit requested of trial counsel is required because Arkansas

SLIP OPINION

Rule of Appellate Procedure–Criminal 16 (2015) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4). *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997) (per curiam); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam).

Crawford in his affidavit states that Siler expressed his desire to appeal on July 16, 2015, but that in a telephone conversation on July 23, 2015, Siler said that he had decided to forgo an appeal and accept a plea offer in other pending cases. Crawford further avers that he would have pursued an appeal if Siler had preferred that course of action.

Siler's and counsel's claims pertaining to whether Siler communicated his final decision to Crawford on whether to appeal the judgment within the time to file a timely notice of appeal are in direct conflict. Because the proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the trial court, we remand this matter to the trial court for an evidentiary hearing on the issue of whether counsel was informed by petitioner within the time period allowed for filing a notice of appeal that he desired to appeal. The trial court is directed to enter Findings of Fact and Conclusions of Law within ninety days of the date of this opinion and submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded.