SLIP OPINION

Cite as 2016 Ark. 367

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-624

| | |
|---|---|
| DANIEL LYONS<br><br>                               PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>                               RESPONDENT | **Opinion Delivered** October 27, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[VAN BUREN COUNTY CIRCUIT COURT, NO. 71CR-13-67]<br><br><br>REMANDED. |

## PER CURIAM

In 2015, petitioner Daniel Lyons was found guilty by a jury of second-degree sexual assault and sentenced to 120 months' imprisonment. Lyons was represented at trial by his appointed attorney, Ralph J. Blagg. No appeal was taken from the judgment of conviction, which was entered on January 30, 2015, and Lyons now seeks to proceed with a belated appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(e) (2015), which permits a belated appeal in a criminal case in some instances.

Lyons contends that he notified Blagg on January 30, 2015, that he desired to appeal, that it was his belief that a notice of appeal had been filed, that he never received any information, and that Blagg had asked to be relieved as counsel in his case. Lyons asserts that he was unaware until June 14, 2016, that no appeal had been perfected.

When a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal and the record does not contain an order relieving trial counsel, it is the practice of this court to request an affidavit from the trial attorney in

response to the allegations in the motion. There is no order relieving Blagg in the record filed in this case. The affidavit requested of trial counsel is required because Arkansas Rule of Appellate Procedure–Criminal 16 (2015) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4). *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997) (per curiam); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam).

Blagg avers in his affidavit that Lyons did not express his desire to appeal within the time period to file a timely notice of appeal, nor did Lyons correspond with him regarding the status of the appeal. He states that Lyons instead wrote a letter to the circuit clerk almost eighteen months after the judgment had been entered inquiring as to which attorney was appointed to represent him on appeal, which suggests that Lyons did not expect Blagg to perfect the appeal. Blagg also denies Lyons's claims that Lyons corresponded with him after he had been convicted. Blagg states that he had no contact with Lyons until he received a letter from Lyons dated June 9, 2016.

Lyons's and counsel's claims pertaining to whether Lyons communicated his desire to appeal to Blagg within the time to file a timely notice of appeal are in direct conflict. Because the proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the trial court, we remand this matter to the trial court for

an evidentiary hearing on the issue of whether counsel was informed by petitioner within the time period allowed for filing a notice of appeal that he desired to appeal. The trial court is directed to enter "Findings of Fact and Conclusions of Law" within ninety days and submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded.