

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-609

| | |
|---|---|
| KENNETH SILER<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** February 16, 2017<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[POLK COUNTY CIRCUIT COURT, NO. 57CR-12-58]<br><br>MOTION DENIED. |

## PER CURIAM

In 2015, petitioner Kenneth Siler was found guilty by a jury of manufacturing a controlled substance, possession of drug paraphernalia, and being a felon in possession of a firearm. He was sentenced to an aggregate sentence of 432 months' imprisonment. Siler was represented at trial by his appointed attorney, Brandon Crawford. No appeal was taken from the judgment of conviction, which was entered on June 26, 2015, and Siler sought in this court to proceed with a belated appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(e) (2016), which permits a belated appeal in a criminal case in some instances. Siler contended that he asked Crawford at the time of sentencing to appeal from the judgment, but Crawford failed to file a notice of appeal.

It is the practice of this court when a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal, and the record does not contain an order relieving trial counsel, to request an affidavit from the trial attorney in response to the allegations in the motion. There was no order relieving Crawford in the record filed in this case. The affidavit requested of trial counsel is required because Arkansas

SLIP OPINION

Rule of Appellate Procedure–Criminal 16 (2016) provides, in pertinent part, that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4). *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam).

In his affidavit, Crawford stated that Siler expressed his desire to appeal on July 16, 2015, but that in a telephone conversation on July 23, 2015, Siler said that he had decided to forgo an appeal and accept a plea offer in other pending cases. Crawford further averred that he would have pursued an appeal if Siler had preferred that course of action.

Because Siler's claims pertaining to whether Siler communicated his final decision to Crawford on whether to appeal the judgment within the time to file a timely notice of appeal were in direct conflict with his counsel's claims, the proper disposition of the motion for belated appeal required findings of fact, which must be made in the trial court. For that reason, we remanded the matter to the trial court for an evidentiary hearing on the issue of whether counsel had been informed by petitioner within the time period allowed for filing a notice of appeal that he desired to appeal. *Siler v. State*, 2016 Ark. 330 (per curiam). The trial court was directed to enter findings of fact and conclusions of law and submit the findings and conclusions to this court with the transcript of the evidentiary hearing. The findings of fact and conclusions of Law and the transcript of the hearing are now before us.

The trial court took testimony at the hearing from Siler, two witnesses called by Siler, and Brandon Crawford on the questions of fact to be resolved. In its findings of fact and conclusions of law, the trial court found that there was no neglect or mistake on Crawford's part in his explanation to Siler on whether an appeal was the best course of action in Siler's case. The court further found that Siler understood counsel's advice that it was better not to appeal from the judgment, and Siler voluntarily and knowingly agreed to forgo an appeal.

In determining whether a motion for belated appeal should be granted, this court does not reverse the trial court's conclusions unless the conclusions are clearly erroneous. *Strom v. State*, 348 Ark. 610, 616, 74 S.W.3d 233, 237 (2002). It is well settled that the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*, 348 Ark. 610, 74 S.W.3d 233. This court will accept the trial court's decision on questions of credibility. *Frazier v. State*, 339 Ark. 173, 3 S.W.3d 334 (1999) (per curiam).

As the merit of Siler's motion for belated appeal rested entirely on the credibility of the witnesses, we accept the trial court's findings that Siler did not articulate a desire to appeal within the time allowed for counsel to file a timely notice of appeal. *See Smith v. State*, 2013 Ark. 166, at 4 (per curiam); *see also Strom*, 348 Ark. 610, 74 S.W.3d 233; *Frazier*, 339 Ark. 173, 3 S.W.3d 334. The motion for belated appeal is denied.

Motion denied.