SLIP OPINION

Cite as 2017 Ark. 87

# SUPREME COURT OF ARKANSAS

**No.** CR-16-624

| | | |
|---|---|---|
| DANIEL LYONS | | **Opinion Delivered** March 9, 2017 |
| | PETITIONER | |
| V. | | PRO SE MOTION FOR BELATED APPEAL [VAN BUREN COUNTY CIRCUIT COURT, NO. 71CR-13-67] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | MOTION DENIED. |

## PER CURIAM

In 2015, petitioner Daniel Lyons was found guilty by a jury of second–degree sexual assault and sentenced to 120 months' imprisonment. Lyons was represented at trial by his appointed attorney, Ralph J. Blagg. No appeal was taken from the judgment of conviction, which was entered on January 30, 2015, and, in 2016, Lyons sought leave from this court to proceed with a belated appeal pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(e) (2015), which permits a belated appeal in a criminal case in some instances.

In his motion, Lyons contended that he notified Blagg on January 30, 2015, that he desired to appeal, that it was his belief that a notice of appeal had been filed, that he never received any information, and that Blagg had asked to be relieved as counsel in his case. Lyons asserted further that he was unaware until June 14, 2016, that no appeal had been perfected.

When a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal and the record does not contain an order relieving

trial counsel, it is the practice of this court to request an affidavit from the trial attorney in response to the allegations in the motion. There was no order relieving Blagg in the record filed in this case. The affidavit requested of trial counsel is required because Arkansas Rule of Appellate Procedure–Criminal 16 (2015) provides, in pertinent part, that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4). *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997) (per curiam); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam).

Blagg averred in his affidavit that Lyons did not express his desire to appeal within the time period to file a timely notice of appeal, nor did Lyons correspond with him regarding the status of the appeal. He also stated that Lyons instead wrote a letter to the circuit clerk almost eighteen months after the judgment had been entered inquiring as to which attorney was appointed to represent him on appeal, which suggests that Lyons did not expect Blagg to perfect the appeal. Blagg denied Lyons's claims that Lyons corresponded with him after he had been convicted and stated that he had no contact with Lyons until he received a letter from Lyons dated June 9, 2016.

Lyons's and counsel's claims pertaining to whether Lyons communicated his desire to appeal to Blagg within the time to file a timely notice of appeal were in direct conflict. Because the proper disposition of the motion for belated appeal in this case required findings

of fact, which must be made in the trial court, we remanded this matter to the trial court for an evidentiary hearing on the issue of whether counsel was informed by petitioner within the time period allowed for filing a notice of appeal that he desired to appeal. The trial court was directed to enter "Findings of Fact and Conclusions of Law" and submit the findings and conclusions to this court with the transcript of the evidentiary hearing. *Lyons v. State*, 2016 Ark. 367 (per curiam). The remand was returned, the findings and conclusions were tendered to this court on January 30, 2017, and the transcript of the evidentiary hearing was filed on February 1, 2017.

The trial court took testimony at the hearing from Lyons and Blagg on the question of fact to be resolved. In its findings of fact, the trial court noted the following: Blagg informed Lyons on the date of Lyons's conviction that any notice of appeal must be filed within thirty days; Lyons communicated to Blagg after his conviction that he did not wish to pursue an appeal; Lyons, who was incarcerated in the county detention facility following conviction, did not telephone Blagg to express his desire to appeal even though Blagg had a dedicated phone line from which persons in the facility could call his office at no charge and that Lyons had utilized that line several times prior to trial; Lyons did not send any written correspondence to Blagg requesting that an appeal be taken within the time allowed to file a timely notice of appeal; and Blagg was not informed by Lyons that he desired to appeal.

In determining whether a motion for belated appeal should be granted, this court does not reverse the trial court's conclusions unless the conclusions are clearly erroneous. *Strom v. State*, 348 Ark. 610, 616, 74 S.W.3d 233, 237 (2002). It is well settled that the trier

of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*, 348 Ark. 610, 74 S.W.3d 233. This court will accept the trial court's decision on questions of credibility. *Frazier v. State*, 339 Ark. 173, 3 S.W.3d 334 (1999) (per curiam).

As the merit of Lyons's motion for belated appeal rested entirely on the credibility of the witnesses, we accept the trial court's findings that Lyons did not articulate a desire to appeal within the time allowed for counsel to file a timely notice of appeal. *See Smith v. State*, 2013 Ark. 166, at 4 (per curiam); *see also Strom*, 348 Ark. 610, 74 S.W.3d 233; *Frazier*, 339 Ark. 173, 3 S.W.3d 334. The motion for belated appeal is denied.

Motion denied.

SLIP OPINION