Cite as 2025 Ark. App. 128

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-102

| | | |
|---|---|---|
| | | Opinion Delivered February 26, 2025 |
| ANTHONY PETTIES | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | | [NO. 66FCR-18-759] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE R. GUNNER DELAY, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Anthony Petties appeals the October 6, 2023 sentencing order of the Sebastian County Circuit Court revoking his suspended imposition of sentence (SIS) and sentencing him to thirty-seven years in the Arkansas Division of Correction. On appeal, Petties argues that there was not sufficient evidence presented that he violated a term or condition of his probation. We affirm.

On January 4, 2019, Petties pleaded guilty to possession of methamphetamine with the purpose to deliver, possession of drug paraphernalia, possession of Xanax with the purpose to deliver, and possession of marijuana. He was sentenced to five years' SIS. That SIS was revoked on September 30, 2020, and Petties was sentenced to three years in the Arkansas Division of Correction plus seven years' SIS. The terms and conditions of his SIS

included that he not violate any state, federal, or municipal law and that he not possess any firearms, marijuana, narcotics, or controlled substances.

On August 3, 2022, the State again filed a petition to revoke Petties's SIS. That petition was later amended on September 20, October 25, November 3, and May 17, 2023. The final amended petition alleged that while on SIS, Petties was charged with two counts of delivery of methamphetamine, one count of simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, possession of drug paraphernalia 2nd offense, felon in possession of a firearm, and possession of methamphetamine. It further alleged that he had also failed to pay his court costs and fees.

A hearing on the petition for revocation was held on October 5, 2023. At that hearing, Detective Richard Proctor testified about two controlled buys that the police department set up. He testified that he was familiar with Petties, and he monitored the buys in real time as a confidential informant (CI) made purchases from Petties. The purchases were packaged and sent to the state crime lab and were later identified as methamphetamine. The CI testified that she had purchased methamphetamine from Petties in the past and that for both controlled buys she participated in, she went to Petties's residence and purchased drugs from him: "He handed me the drugs and I handed him the money and I went on out." Detective Keith Shelby also testified. He testified that, while executing a warrant on Petties, he conducted a parole search on Petties's hotel room. He located syringes, a meth pipe, digital scales with residue, and a handgun. Petties's brother was also in the room. Officer Lauren Hendricks testified that while she and other officers conducted a search of Petties's

room. Petties was asleep on a bed, and when they rolled him over, they found a syringe. They also found a pipe in the room that, according to the state-crime-lab report, had methamphetamine residue on it. At the close of the evidence, the circuit court found that the State had met its burden of proof and sentenced Petties to thirty-seven years' imprisonment. This appeal followed.

To revoke an SIS, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* The State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, at 3, 616 S.W.3d 274, 277. We will uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position to do so. *Burgess v. State*, 2021 Ark. App. 54, at 6.

There is sufficient evidence that Petties violated the condition of his SIS that he not possess a controlled substance. Two witnesses testified about two controlled buys wherein Petties sold methamphetamine. The CI stated that Petties handed her the drugs. "Controlled substance" means a drug, substance, or immediate precursor in Schedules I through VI. Ark. Code Ann. § 5-64-101(4) (Repl. 2024), and methamphetamine is a Schedule II controlled

substance. *See* 007.07.2 Ark. Admin. Code (WL current through Dec. 15, 2024); *see also* Ark. Code Ann. § 5-64-419(b)(1) (Repl. 2024) (identifying methamphetamine as a Schedule II controlled substance).

Petties argues that there was no video of the exchange of money or drugs, and "the entirety of the evidence of the transaction came from the confidential informant, who was compensated for allegedly completing the delivery, and who had previously been convicted of filing false police reports." This court, however, does not weigh the evidence or assess the credibility of the witnesses; that lies within the province of the trier of fact. *Strom v. State*, 348 Ark. 610, 614, 74 S.W.3d 233, 235 (2002). We are bound by the fact-finder's determination on the credibility of witnesses. *Id.* Likewise, we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.* A preponderance of the evidence supports the finding that Petties inexcusably violated a condition of his SIS. We affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*James Law Firm*, by; *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.