Cite as 2026 Ark. App. 118

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-130

| | |
|---|---|
| | Opinion Delivered February 25, 2026 |
| CHRISTOPHER COLE | APPEAL FROM THE LONOKE |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 43CR-21-626] |
| V. | |
| | HONORABLE BARBARA ELMORE, |
| STATE OF ARKANSAS | JUDGE |
| APPELLEE | AFFIRMED IN PART; REVERSED AND |
| | DISMISSED IN PART |

**BART F. VIRDEN, Judge**

The Lonoke County Circuit Court revoked the probation of appellant Christopher Cole and sentenced him to an aggregate term of three years' imprisonment. Cole argues on appeal that there was insufficient evidence to support the trial court's decision to revoke his probation. We affirm in part and reverse and dismiss in part.

## I. *Background*

On April 26, 2022, Cole pleaded guilty to possession of a controlled substance and possession of drug paraphernalia. He was placed on probation for a period of five years and one year, respectively, and was subject to standard terms and conditions of probation.

On March 15, 2024, the State filed a petition to revoke Cole's probation alleging multiple violations. The State filed an amended petition on July 26 alleging that Cole

violated the terms and conditions of his probation in that he had failed to report to his probation officer on multiple occasions; tested positive for drugs on several dates in 2022, 2023, and 2024; signed a confession to the use of marijuana; failed to make payments toward his fines, fees, and costs; failed to attend or complete court-ordered drug treatment; and failed to appear in drug court on July 11, 2024.

At the revocation hearing, the State introduced into evidence without objection an order to issue a failure-to-appear warrant filed July 31, 2024, which states that on July 2, Cole was given notice to appear in court on July 11 and that he failed to appear on that date. Arnell Rhinehart, a probation officer, testified that he administered a drug test to Cole on behalf of "Officer Trigg" and that Cole was positive for amphetamines, methamphetamine, and marijuana. Molly Norris, another probation officer, testified that she supervised Cole in 2022 and that he tested positive for amphetamines, methamphetamine, and marijuana on June 8, 2022. On cross-examination, Norris stated that a male probation officer had administered the test and that she did not recall in that instance whether she had observed the sample but that it was her usual practice to do so.

At the conclusion of the hearing, the trial court found that Cole had violated his probation in that he had both tested positive for drugs on June 8, 2022, and failed to obey state and federal laws and court orders when he did not appear for drug court.

## II. *Standard of Review*

In order to prevail in a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least

2

one condition of his probation. *Clark v. State*, 2025 Ark. App. 456, 722 S.W.3d 526. On appellate review, we will not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Id.* This court defers to the trial court's superior position on questions of credibility and the weight to be given testimony. *Id.* Because the burden of proof in a revocation proceeding is less than that in a criminal case, proof that would be insufficient to obtain a criminal conviction may be sufficient to support a revocation. *Id.*

III. *Discussion*

A. Revocation Decision

Cole argues that Rhinehart failed to provide any dates on which he (Cole) tested positive for drugs. He contends that, although Norris did provide a single date, she did not administer the test herself and could not recall whether she had observed his test sample to confirm that he tested positive for drugs. In asserting that Norris's testimony is insufficient to support revocation, Cole argues that Officer Trigg, who actually conducted the test, was not called to testify at the hearing and that he has a right to confront witnesses against him.

Cole, however, did not raise a confrontation-clause objection during Norris's testimony. We will not address an argument, even a constitutional one, that is raised for the first time on appeal. *Savage v. State*, 2019 Ark. App. 532, 590 S.W.3d 164. While Cole later mentioned a right to confrontation in his motion to dismiss, he did not obtain a ruling on the "objection." *Rayborn v. State*, 2020 Ark. App. 358 (holding that Rayborn failed to preserve a confrontation argument by not raising a contemporaneous objection and noting that the fact that he later mentioned confrontation in his directed-verdict motion was too late, and

3

in any event, the trial court did not rule on the matter). Cole should have objected at the first opportunity to preserve his argument on confrontation.

As for sufficiency, both probation officers testified that Cole failed drug tests, and Norris specified a particular date. The fact that Norris did not administer the test or observe the sample goes to the weight of the evidence, *Petties v. State*, 2025 Ark. App. 128, 708 S.W.3d 84, and the trial court weighed it in favor of revocation. We hold that the trial court's revocation decision was not clearly against the preponderance of the evidence. Because only one violation is sufficient to support revocation, we need not address Cole's second argument that, while the State produced documentary proof that he failed to appear for drug court, it did not prove that he did so *inexcusably*.

## B.  Sentences

If a court finds that the defendant has inexcusably failed to comply with a condition of his probation, the court may revoke the probation at any time prior to the expiration of the probationary period. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Following revocation, the trial court sentenced Cole to three years' imprisonment on his underlying conviction for possession of a controlled substance. The trial court then purported to sentence Cole to one year in the county jail for possession of drug paraphernalia; however, Cole's one-year probationary period had expired on April 26, 2023, which was long before the State filed its original petition to revoke.

Whether a trial court can revoke probation after the expiration of the probationary period is an issue of jurisdiction. *Waldie v. State*, 2025 Ark. App. 475, 722 S.W.3d 535.

4

Although Cole did not raise this argument below, we may address the issue for the first time on appeal. *Id.* A court may revoke probation after the expiration of the period of probation under certain exceptions set forth in section 16-93-309(f), but none of those exceptions apply here. Accordingly, while we affirm the trial court's revocation decision and sentence as to the underlying conviction for possession of a controlled substance, we reverse and dismiss the conviction for possession of drug paraphernalia.

Affirmed in part; reversed and dismissed in part.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.