**UNITED STATES of America,**
**Plaintiff,**

v.

**Charles Edward SANDERS, Defendant.**
**Crim. No. 13765.**
**Civ. No. S–245.**

United States District Court
E. D. California.

Aug. 9, 1967.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

William K. Morgan, Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

HALBERT, District Judge.

Sanders robbed the Capital Office Branch of the Crocker-Anglo Bank at Sacramento, California, on January 16, 1959. He was brought before me on January 19, 1959, and after his rights were fully explained to him, he elected to waive his right to an attorney and waived indictment, after which an information was filed. He entered a plea of guilty to the charge set forth in the information, and the matter was referred to the Probation Officer for a pre-sentence report. I received the Probation Officer's pre-sentence report, and after a study of it I sentenced Sanders to a term of 15 years in prison on February 10, 1959 (See: Cr. No. 12310 in the records of this Court when it was the Northern Division of the Northern District of California).

On January 4, 1960, Sanders filed a proceeding under Title 28 U.S.C. § 2255 in which he alleged among other things that he was denied the right to counsel at the time he pled guilty. I denied this motion on the record as his complaint was a patent fabrication and was so established by the record. Sanders did not appeal from this order.

On September 8, 1960, Sanders filed a new proceeding under Title 28 U.S.C. § 2255 in which he alleged for the first time that he was under the influence of drugs at the time of his "trial and sentence" (See: Civil No. 8156 in the records of this Court when it was the Northern Division of the Northern District of California). I denied this petition first because he had already filed one petition that had been denied (See: Title 28 U.S.C. § 2255), and further because I saw him at the time of the initial proceeding in his case and on the facts his petition was without merit. This order was appealed and the Court of Appeals affirmed (See: Sanders v. United States, 9 Cir., 297 F.2d 735). The Supreme Court granted certiorari and reversed both me and the Court of Appeals (See: Sanders v. United States, 371 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148).

The case came back to me, and in the face of Sanders' claim that he was under the influence of drugs at the time of the previous proceedings, I was of the view that the only appropriate thing to do was to set aside the entire original proceedings. This I did, and the Grand Jury thereafter indicted Sanders for the bank robbery (See: Cr. No. 13765 in the records of this Court when it was the Northern Division of the Northern District of California). I appointed an attorney to represent Sanders and he entered a plea of "Not Guilty" after which there was a trial by jury in which Sanders told what to me was a fabricated story. He tried to make it appear that he had no idea what he was doing as the result of his drinking and the drugs that he had been taking. The Government produced evidence that the drug given him was so mild that it could be safely given to a small child. A medical doctor who also had a degree in pharmacy described the drug and expressed the opinion that Sanders could not possibly have been affected by it. I did not think Sanders was telling the truth and apparently the jury did not believe him either for, as I remember it, the jury deliberated less than one half hour, and brought in a verdict of guilty. I secured a new pre-sentence report from the Probation Officer and after deliberate consideration of all the facts then before me I sentenced Sanders to a term of 20 years in prison under the provisions of Title 18 U.S.C. § 4208(a) (2) on January 23, 1964.

Sanders has filed the instant proceeding under Rule 35, Federal Rules of Criminal Procedure. By this motion

Sanders seeks correction of the sentence imposed by me on January 23, 1964. He asserts that this sentence is illegal on two grounds: (1) that imposition of the maximum sentence following vacation of a lesser sentence is unconstitutional; and (2) that he is entitled to credit for time served under a sentence in the original, but separate, case growing out of the same set of facts.

## I

■■ The first ground has been discussed in several recent decisions,[1] but a case virtually on all fours with the instant case is Starner v. Russell, 378 F. 2d 808 (3rd Cir.—Decided May 25, 1967). In that case the United States Court of Appeals for the Third Circuit affirmed the imposition of an increased sentence after a trial which followed the vacation of a prior guilty plea and sentence. The Court noted that there is significant difference between those cases where the Government is given a second chance to characterize and chastise the defendant in a trial as opposed to those cases where a defendant, sentenced after a plea of guilty, thereafter succeeds in vacating that plea and goes to trial on the merits:

"To so hold would seem to trespass the integrity of the trial judge who, upon hearing all the evidence, with the whole panorama of defendant's crime laid out before him, conscientiously passes sentence in accordance therewith * * *. The sentence thus imposed by the trial judge cannot, in any sense, be said to be for his appealing, unless we again attribute to him a base motive—penalizing him for his appeal, conduct unworthy of the name of judge—rather than for his weighing and evaluating the measure of defendant's crime and passing sentence thereon, in the light of the wider, factual area encompassed by the trial which, in most instances, is far more revealing than those factual elements taken into consideration in the imposition of sentence upon a plea of guilty." (378 F.2d p. 811)

I consider this case to be decisive of the issues here.[2] I am of the view that so long as Congress delegates the sentencing power to the District Courts those courts must have the power to temper justice with logic as well as mercy.

As already noted, Sanders originally waived his right to an attorney, his right to indictment by the Grand Jury, and entered a plea of guilty. When he came before me for sentence on January 23, 1964, I felt that I was faced with a new and completely different situation. At that time I took into consideration four things: (1) Sanders had committed a serious crime; (2) Sanders had an extremely poor record as a citizen; (3) Sanders had obviously fabricated his defense and testified falsely at his trial, thus committing a further crime of perjury; and (4) it was apparent to me after studying the pre-sentence report provided me by the Probation Officer that Sanders had regressed rather than progressed toward rehabilitation during the time that he was in prison. I was aware of only the first two of these things at the time that I pronounced the initial sentence of 15 years. When he first appeared before me Sanders appeared to be contrite and had taken the first step toward rehabilitation by admitting that he had done something wrong. On January 23, 1964, I had before me all four of the points mentioned above, and I was especially impressed

---

1. The most recent decisions are Patton v. North Carolina, 381 F.2d 636; and Whaley v. North Carolina, 379 F.2d 221 (both decided June 14, 1967, by the United States Court of Appeals for the Fourth Circuit.

2. Another interesting recent decision is Marano v. United States, 1 Cir., 374 F. 2d 583. While the United States Court of Appeals for the First Circuit reversed in that case it said:

"As to the new pre-sentence report, we would recognize here an exception to the general principle. We do not think it inappropriate for the court to take subsequent events into consideration, both good and bad." (374 F.2d at 585.)

by the fact that Sanders' conduct at the prison where he was incarcerated showed regression rather than progress toward rehabilitation. As a result of the circumstances before me I thought that Sanders deserved a more severe sentence than I had originally given him and I accordingly fixed the new sentence of 20 years. I did have hope that Sanders might mend his ways, so I pronounced the sentence under the provisions of Title 18 U.S.C. § 4208(a) (2) thus making it possible for the Board of Parole to release him at the earliest possible date on which they thought he was fit to take his place in society.

In the instant petition Sanders asserts that "the Court [I] was disturbed by the reversal suffered by the Supreme Court. And, that the increased sentence imposed was directly attributable to this human frailty." This simply is not true. I did what I did for the reasons noted, and I may add that in a very similar situation where I was reversed I found good reason to allow the defendant the time served and did grant it to him (See: United States v. Munich, Cr. No. 14193 in the records of this Court when it was the Northern Division of the Northern District of California). The *Munich* judgment is not an isolated instance either, for I have on other occasions allowed time served when a new sentence had to be pronounced.

The sentence which I pronounced on January 23, 1964, was not pronounced as the result of pique on my part, but rather because I thought that my obligation as the sentencing judge required me to do what I did to protect society. It most certainly was not my intention in any way to punish Sanders for exercising his right of appeal. I do not believe that what I did was illegal or immoral, and I see no reason for changing the sentence at this time.

## II

█ The thrust of Sanders' second point is that if he is required to serve

the full sentence imposed by my judgment of January 23, 1964, without credit for the time served he will be required to serve a term longer than the maximum term allowed by the statute.

I think there are two answers to Sanders' argument on this point.

First, he cannot reach this problem by a motion under Rule 35 of the Federal Rules of Criminal Procedure (It is not the sentence which is illegal, but rather it is assertedly the manner in which it is being executed by the Attorney General.).

Second and more impressive, Sanders can secure relief (if he is entitled to it) under Title 18 U.S.C. § 3568 as it now reads. This section provides that the "Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense *or acts* for which sentence was imposed." (emphasis added) [3] Sanders does not contend or even suggest that the Attorney General is not doing his duty or that the Attorney General will not do his duty. Certainly this Court has no authority to intervene in this matter at this time. If perchance the Attorney General refuses to do his duty then Sanders can seek his relief against the Attorney General and/or the appropriate agency by proper proceedings in a court having jurisdiction. It is apparent that this Court would not have jurisdiction in such a proceeding.

For all of the reasons noted above, I am convinced that I cannot, and should not, grant Sanders the relief which he now seeks.

It is, therefore, ordered that Sanders' motion for relief under Rule 35 of the Federal Rules of Criminal Procedure be, and the same is, hereby denied.

The Government will prepare and lodge with the Clerk of this Court appropriate findings of fact and conclusions of law and a form of judgment.

It is so ordered.

---

3. This Court reaches no conclusion as to whether the provisions of Title 18 U.S.C.

§ 3568 can, or should be, applied retroactively to Sanders' sentence in this case.