Tony HENDERSON *v.* STATE of Arkansas

CR 07-826                                         262 S.W.3d 143

Supreme Court of Arkansas
Opinion delivered September 13, 2007

*Thomas Burns*, for appellant.

No response.

PER CURIAM. A judgment and commitment order entered on August 1, 2006, indicates that petitioner Tony Henderson was found guilty by a jury of possession of a controlled substance (cocaine) with intent to deliver and sentenced to a term of forty years in the Arkansas Department of Correction. Henderson now files a motion for belated appeal.

Henderson's trial counsel, Thomas Burns, avers that, at the time Henderson was sentenced, the circuit court informed Henderson that he had thirty days in which to file a notice of appeal of his conviction. Burns also states that he advised Henderson that he had thirty days in which to file a notice of appeal and that either Henderson or a member of his family needed to contact Burns and notify him of Henderson's intent to appeal his sentence.

On or about September 4, 2006, Henderson contacted the circuit court directly, stating that he wished to appeal his sentence. On September 13, 2006, Burns filed a motion to withdraw as counsel and a motion for indigence. Henderson subsequently filed a Rule 37 petition, alleging that Burns was ineffective as counsel because he failed to file a timely notice of appeal. In his petition, Henderson claimed that he made several attempts to contact Burns regarding his appeal and that Burns had failed to respond to both him and his family members.

In an order entered March 1, 2007, the circuit court made the following findings:

1.  That the defendant is entitled to an appeal of his conviction and that therefore a belated appeal shall be filed by the attorney of record Thomas Burns.

2.  That Thomas Burns shall self-report to the Committee on Professional Responsibility his failure to perfect the appeal and shall lodge the appeal with the appellate court and accept full responsibility for any delay in the appeal.

3. ...

4. That the Rule 37 petition of the defendant shall be dismissed as of this date subject to the orders of the Court being followed.

5. That the defendant is hereby determined to be an indigent and Thomas Burns is appointed by the Court to appeal the conviction.

Despite these findings, Burns contends that in a hearing, "the trial court found that Mr. Henderson had all the contact information from Mr. Burns and, in fact, found the contact information from the Court and did so some 40 days after his conviction. He found that he had a way to contact Mr. Burns, yet he did not." The transcript of that hearing is not included in the partial record of this case. Burns filed a notice of appeal on behalf of Henderson on March 1, 2007; however, Burns claims in the instant motion that Henderson has not shown why he should be granted a belated appeal at this time.

While it is well settled that a defendant has the right to appeal the judgment, a belated appeal is not proper when a defendant waives his or her right to appeal by failing to inform trial counsel of his or her intent to appeal within thirty days of the entry of the judgment. *See Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). In the instant case, the partial record before us does not contain findings on the issue of whether Henderson advised Burns to appeal within thirty days of the date the judgment was entered. If, indeed, Henderson did instruct Burns that he wished to appeal, the fact that Burns did not perfect the appeal would clearly indicate that he had failed in his duty to Henderson. *See id.* If, however, the circuit court determines that Henderson did not advise Burns within thirty days of the date the judgment was entered that he wished to appeal the judgment, then the fault lies with Henderson, and belated appeal is not appropriate.

As Henderson alleged that he instructed Burns to file an appeal, but counsel disputes this allegation, we remand to the circuit court to conduct a hearing and provide findings of fact on the issue of whether Henderson advised Burns to appeal within thirty days of the date the judgment was entered. Those findings should be provided to this court within sixty days of the date of this order, along with the record of the proceedings.