# PD-1345-14

CAUSE NO._____

| | | |
|---|---|---|
| ELBERT LEE SANDERS,<br>     APPELLANT/PETITIONER, | § | THE COURT OF |
| | § | |
| V. | § | CRIMINAL APPEALS |
| THE STATE OF TEXAS,<br>     APPELLEE/RESPONDENT, | § | OF TEXAS |
| | § | |

### MOTION FOR LEAVE TO FILE AN OUT OF TIME PETITION FOR DISCRETIONARY REVIEW (PDR)

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COME NOW, Elbert Lee Sanders, appellant, pro-se, in the aboved cause and respectfully presents his "Motion For Leave to File An out of Time Petition For Discretionary Review" and in support will show the following thereof;

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 08 2015

Abel Acosta, Clerk

## I

Appellant was convicted in the __54th__ District Court, of McLennan County, for the offense of Aggravated Assault, and Possession of a Firearm by a Felon. Tex.Penal Code, Sec.22.02 and Sec.46.04.

Appellant appealed his convictions in the Fourth District Court of Appeals in caise no **04-13-00487-CR**. The appeal court affirmed the conviction on the 29th day of August, 2014.

FILED IN
COURT OF CRIMINAL APPEALS

MAY 11 2015

Abel Acosta, Clerk

## II.
### REASONS FOR GRANTING THIS MOTION

Appellant PDR was due on the __28th__ day of __September, 2014__, but appellant could file the petition within th (30)-days as required and was unable to file for an extention of time to file his PDR.

Appellant was unable to comply with these requirements due to the actions of the Allen Polunsky Units Administration, and the Correctional staff here on the unit where im assigned.

(1)

CAUSE NO._____

ELBERT LEE SANDERS               §   IN THE COURT OF
        APPELLANT/PETITIONER,    §
                                 §   CRIMINAL APPEALS
V.                               §
THE STATE OF TEXAS               §   OF TEXAS
        APPELLEE/RESPONDENT,     §



FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 MAY -5 PM 12:17

MOTION TO SUSPEND RULE 9.3(b)

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Elbert Lee Sanders, appellant in the above styled

cause and respectfully present his Motion To Suspend Rule 9.3(b)

of the Texas Rule of Appellate Procedure, and in support will show

the following:

1).Appellant is appealing his conviction from the 54TH
   District Court, McLennan County, cause No.2012-327-C2.

2).His appellate brief was denied by the Court Of Appeals
   for the Fourth District No.04-13-00487-CR.

3).Appellant does not have access to a copier machine to
   make the required amount of copies.

4).Appellant is indigent does not get paid, or recieves any
   support and can not afford to have copies made.

WHEREFORE PREMISES CONSIDERED, Appellant prays that this Honorable

court grants this motion to suspend Rule 9.3(b) and allow him to

submit only the original copy of his petition For Discretionary

Review (PDR).

                              RESPECTFULLY SUBMITTED,

                              Elbert Sanders
                              ELBERT LEE SANDERS # 1871122
                              ALLEN POLUNSKY UNIT
                              3872 F.M. 350 SOUTH
                              LIVINGSTION, TEXAS 77351

(1)-of-(1)

Due to appellant's personal property being confiscated by the officer's here on the unit, who also confiscated all his legal mail, and documents. Appellant could not meet the dead-lines to file his PDR, or to file a motion for extention, because he was unable to get the cause number for the appeal, and was unable to contact any-one with that information.

Appellant has,[due to no fault of his own] lost his right to petition this Honorable Court to review his claims due to the unit lock-downs, property being taken, and slow responses from the ad-ministration department to resolve the problem at hand, and to return my property, and on or about the 26th day of March,2015, appellant had some properety returned, and was able to present to the court this motion.

## CONCLUSION

Appellant pray that this Honorable grant this foregoing Motion for leave to file and out of time PDR for the reason's stated, and allow him to file his petition for the Honorable Court to review.

### Inmate Declaration

I, Elbert Lee Sanders, being presently incarcerated in the Texas Depart-ment of Criminal Justice, at the Allen B. Polunsky Unit, in Polk County Texas declare under penalty of perjury that the foregoing information contained in this motion is true and correct.

SIGNED AND SUBMITTED ON THE 28 DAY OF April 2015.

Elbert Sanders

ELBERT LEE SANDERS#1871122

(2)

## CERTIFICATE OF SERVICE

I, ELBERT LEE SANDERS, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS DOCUMENT WAS SENT VIA, FIRST CLASS U.S. MAIL TO THE DISTRICT ATTORNEYS OFFICE OF McLENNAN COUNTY, ON THIS DAY THE 28 DAY OF April 2015.

Elbert Sanders
ELBERT LEE SANDERS #1871122
ALLEN POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351

(3)

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ELBERT  LEE  SANDERS,
APPELLANT/PETITIONER

V.

THE  STATE  OF  TEXAS
APPELLEE/RESPONDENT

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

IN APPEAL NO. 04 - 13 - 00487 - CR

From the

COURT OF APPEALS

For the Fourth Judicial District

San Antonio, Texas

Elbert Lee Sanders
TDCJ-ID NO. 1871122
Polunsky Unit
3872 FM  350 South
Livingston, Texas 77351

ORAL ARGUEMENT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................iii

STATEMENT REGARDING ORAL ARGUMENT....................1

STATEMENT OF THE CASE................................2

STATEMENT OF PROCEDURAL HISTORY......................3

GROUNDS FOR REVIEW..................................4

GROUND FOR REVIEW NO. ONE.

DID THE FOURTH COURT OF APPEALS ERROR BY NOT CONDUCTING
A HARM ANALYSIS OF APPELLANT'S CHALLENGE TO THE MISLEADING
COURT CHARGE IN THE PUNISHMENT PHASE OF THE TRIAL?

GROUND FOR REVIEW NO. TWO.

DID THE COURT OF APPEALS DECIDE ON A RULE THAT WAS CONTRARY
TO DECISIONS OF IT'S SISTER COURTS ON APPELLANT'S ARGUMENT OF
THE JUDGE INSTRUCTION ON SYMPATHY IN THIS CASE?

ARGUMENT NUMBER ONE.................................

ARGUMENT NUMBER TWO.................................

PRAYER FOR RELIEF..................................

CERTIFICATE OF SERVICE.............................

APPENDIX..........................................

## INDEX OF AUTHORITIES

<u>CASES</u>:

STATE:

ALLEN V. STATE, 253 S.W. 3d @ 264, N. 15................................pg. 8

ALMANZA V. STATE, 686 S.W. 2d 157, 171(Tex. Crim. App. 1985)........pg. 5, 8

BOYKIN V. STATE, 818 S.W. 2d 782(Tex. Crim. App. 1991)..............pg. 7

EX PARTE VARELAS, 45 S.W. 3d 627(Tex. Crim. App. 2001)..............pg. 6

GIGLIOBIANCO V. STATE, 210 S.W. 3d 637, 641-41(Tex.Crim.App. 2006).pg. 6

HAMAL V. STATE, 352 S.W. 3d 835(Tex. App. - Forth Worth 2011).......pg. 5

HILL V. STATE, 30 S.W. 3d 505(Tex. App. - Texarkana 2000)...........pg. 6

HINOJOSA V. STATE, 780 S.W. 2d 299(Tex. App. - Beaumont 1989).......pg. 6

HUTCH V. STATE, 922 S.W. 2d 166(Tex. Crim. App. 1996)..............pg. 5, 8

LUQUIS V. STATE, 72 S.W. 2d 355(Tex. Crim. App. 2002)..............pg. 4

MADDEN V. STATE, 242 S.W. 3d 504(Tex. Crim. App. 2007)..............pg. 8

OLIVAS V. STATE, 262 S.W. 3d 144(Tex. Crim. App. 2006)..............pg. 8

ROSS V. STATE, 752 S.W. 2d 529(Tex. Crim. App. 1988)................pg. 6


FEDERAL:

CALIFORNIA V. BROWN, 479 U.S. 538, 542(1987)........................pg. 8

FRANCIS V. FRANKLIN, 471 U.S. 307(1985).............................pg. 9

SANDSTORM V. MONTANA, 442 U.S. 510(1979)............................pg. 9

UNITED STATES V SANDERS, 272 F. Supp. 245(D.C. Cal. 1967)...........pg. 8


STATE STATUES:

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 36.14.....................pg. 5,7,8

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 37.07.....................pg. 4

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 37.07 § 3(a)(1)...........pg. 7

TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 37.07 (4)(a)..............pg. 4

TEXAS GOVERNMENT CODE §311.011(a)...................................pg. 7

TEXAS GOVERNMENT CODE §508.141.....................................pg. 4


STATE RULES OF EVIDENCE:

TEXAS RULES OF EVIDENCE, RULE 403


TEXAS CONSTITUTION:

TEXAS CONSTITUTION, ARTICLE 2 § 1..................................pg. 7

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ELBERT   LEE   SANDERS,
                    Appellant/Petitioner


V.


THE   STATE   OF   TEXAS,
                    Appellee/Respondent

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition For Discretionary Review and moves that this Honorable Court grant review of this cause and offer the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner request oral argument in the case because such argument may assist the court in applying the Facts to the issues raised.

(1)

It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

Appellate/Petitioner was indicted on one count of Aggravated Assault, Tex. Penal Code, 22.02, and Felony Possession of a Firearm by Felon, Tex. Penal Code, 46.04. After a jury trial on July 1, 2013 in the 54th District Court in Mclennan County, the jury convicted Appellant/Petitioner, and assessed sentence of fifty-five years, for Agg. Assault, and twenty years for Possession of Firearm by Felon.

## STATEMENT OF PROCEDURAL HISTORY

In cause no. 2012 - 327 - C2, the Appellant/Petitioner was charged with the offenses of Aggravated Assault, and Felony Possession of Firearm by Felon. The Appellant/Petitioner was convicted of such offense's on July 3, 2013, and appealed the conviction. On August 29, 2014, the Court of Appeals Affirmed the conviction, and on April 28 _____, 2015, this petition for Discretionary Review was timely forwarded to the Court of Criminal Appeals.

(2)

## GROUNDS FOR REVIEW

### I.

DID THE FOURTH COURT OF APPEALS ERROR BY NOT
CONDUCTING A HARM ANALYSIS ON APPELLANT'S CHALLENGE
TO THE MISLEADING COURT CHARGE ON THE PUNISHMENT OF THE TRIAL.

### II.

DID THE COURT OF APPEALS DECIDE ON A RULE THAT WAS
CONTRARY TO THE DECISIONS OF IT'S SISTER COURT'S ON
APPELLANT'S ARGUMENT OF THE JUDGE INSTRUCTING THE
JURY ON SYMPATHY IN THIS CASE.

(3)

## ARGUMENT AND AUTHORITIES

### First Ground for Relief

Did the Fourth Court of Appeals error by not conducting a harm analysis of Appellant's challenge to the misleading court charge on the punishment phase of the trial.

Appellant argues that trial court erred by giving the jury an instruction by generally explaining Texas Code of Criminal Procedural Article 37.07(4)(a) without the statutory application required in this particular offense.

The instant case is considered under Tex. Gov't Code Ann. 508.141 as a 3g - offense, inwhich a normal citizen has no personal knowlege of which portion of the instruction of Art. 37.07(4)(a) apply, and absence to the instruction by the court on which portion of the charge applied to the instant case, left the jury to pick and choose, because there possibly may have been six memebrs of the jury considering the portion of the court charge relation to the early release on parole portion, and there also may have been six members of the jury that considered the portion of the court charge relating to the early release on parole portion, and there also may have been six memebrs of the jury that considered the portion that speaks about a person serving half - their sentence before becoming eligible for parole.

The Court of Appeals here misrepresents the argument as presented in page (7) of Sanders appellate brief, by stating that he's attempting to distinguish his argument from Luquis V. State, 72 S.W. 3d 355(Tex. Crim. App. 2002) which he's clearly pointing out that the Tenth Court, which is a sister court, has overruled this issue, and has never analyzed the precise issue raised, which is one of statutory construction, which required the court to define the spefic portion of the statue of 37.07 to the element of the case that distinguished it from the other elements.

In other word, the law applicable to the case a defendant is on trial to defend against. Sanders argued that the Tenth Court has followed Luquis, and that this case is not foreclosed by Luquis, because in this case, Sanders does not content that the judge should have changed the language as in Luquis, he argues that the judge should have simply added language to the instruction to ensure the overall effect.

(4)

Simply put, the trial judge was well aware of the law's that surrounded the case, but the jury member's were not shown to had been knowledgable of the law, or 3g - offenses, the court had an obligation to explain the definition's, and surrounding laws involved in an abstract of the charge, and explain how it applied to the individual case in an application portion to avoid confusion during, which the court failed to do.

The Fourth Court of Appeals decision was wrong, and when considering the harm that resulted, Sander's ask the court to consider the issue as presented by the appellant brief, that plainly set out the fact's alleged, also the applicable laws involved.

Applicant counsel also pointed out that because there was no objection, the harm must be analized under the "egregious harm" standard. Almanza V. State, 686 S.W. 2d 157, 171(Tex. Crim. App. 1985); Hamal V. State, 352 S.W. 3d 835(Tex. App. - Fort Worth 2011) because eregious harm did occur here in this case, where it affected the very basic of the case, it also deprived him of a valuable right which is guaranted by the due process clause of the Fourteenth Amendment.

The Court of Appeals erred by stating that the defense attorney never discussed good conduct or parole in argument, or urged the jury to assess a greater, or lesser sentence based upon good conduct time or parole. See page (5) of opinion. Which was wrong because the defense counsel did briefly refer to parole and good time as a reminder for the jury not to consider. See pg. (9) and (10) of Appellant Brief, also Reporters Records at (RR7:28-29)

The jury instruction compared with that in Hutch V. State, 922 S.W. 2d 166(Tex. Crim. App. 1996), represent's the same factors, because of being allowed to deleberate on the assumption that Sanders could be released early without supervision, or simply released early if he accumlated good-conduct time, without being instructed on the ramifications of the actual case, namely 3g - offense.

Pursuant to the law's applicable here, the case must be reversed, because Texas Code Criminal Procedure Ann. Art. 36.14 requires the judge to provide jury with both in abstract statement of the law and an application of that statement, which the court failed to do. The court never specifically explained how the parole elegibility law applied to the case before the court as opposed to the general instruction that was given by the court. In Beaumont, the Court of Appeals stated that, "Giving statutory parole law and good-

(5)

conduct instruction during punishment phase of trial was Fundamental Error."
Hinojosa V. State, 780 S.W. 2d 299(Tex. App. Beaumont 1989) In the Court of
Appeals in Texarkana, the court also agreed that eroneous parole law instruction
in punishment charge to which defendant did not object and which incorrectly
stated that defendant's good conduct time would be included in calculating
when he would become eligible for parole did cause defendant to suffer
egregious harm. Hill V. State, 30 S.W. 3d 505(Tex. App. - Texarkana 2000).
There's nothing in the records to overcome the presumption that the jury
didn't consider the extent to which good-conduct time might have been awarded
when deciding the range of punishment. The function of the trial court's
charge is to instruct the jury on how to apply that law to the facts, and
to lead and prevent confusion during jury deliberations, which wasn't the
case here, in this case a general instruction was given, absence an instruction
on what applied to the case before the court. See Ex Parte Varelas, 45 S.W.
3d 627(Tex. Crim. App. 2001) There were not one transitory reference in the
instruction emphasizing that the jury was not to consider the parole law to
calculate the sentence. Ross V. State, 752 S.W. 2d 529(Tex. Crim. App. 1988)
The proper resolution here would be reverse and remand for new trial on
punishment.


## Second Ground for Relief


Did the Court od Appeals decide on a rule that was contrary to
decisions of it's sister court's on Appellant's argument of the
Judge instructing the jury on sympathy in this case


The Court erred by instructing the jury on not considering sympathy
in reaching it's decision, which created the tendency of the jury to suggest
their decision on an improper basis, because looking at the facts, the trial
judge instruction more-than-likely inherented the probative force of confusion
on the jury given undue weight on the jury's decision, as opposed to allowing
the jury to evaluate the probative force of the evidence. See Gigliobianco
V. State, 210 S.W. 3d 637, 641-42(Tex. Crim. App. 2006)

In Gigliobianco, the court conducted a balancing test concerning 403
evidence, to determine whether evidence might have the tendency of unfair

prejudice, of if it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence, which in this case the issue referred to is the improper instruction give by the court in a non-capital" offense, that was of a level so extreme that prejudiced the decision of the jury. The court instruction on the issue of not considering/ sympathy was so lacking in justification, that there was an error well under-stood, and comprehended in existing law beyond any possibility for fair minded disagreement.

The reviewing court erred by not granting relief on this issue because the Court of Appeal, as well as the trial court judge was fully aware of the harm caused by the court instructing the jury on the sympathy issue. The jury was not deciding whether or not to sentence appellant to life or death, this case was a non-capital, and the sympathy instruction was not warranted, The Texas Supreme Court noted that, one error is harmful, and calculated to injure the rights of the defendant. An independant basis for reversal arises if the error, even whether objected to, or not timely objected to, because though not timely objected to, the eror becomes so egregious, and creates such harm that it deprives the accussed of a fair proceeding. By the judge giving a sympathy instruction in a non-capitol offense, the judge sent a message to the jury that he felt the appellate diserve an extreme sentence, now considering the fact that phraseology still serves as only a general admonition, its vital to consider the statutory construction of a word page (11) of the appellant brief points to the admonishment given to the jury stating:

> Do not let personal bias, prejudice, sympathy, or resentment on your part, or any such personal emotions on your part, enter into your deliberations or after your verdict in the case."

the defense counsel fail to object to the charge on the basic of the judge instructing the jury to disregard sympathy during deliberation. Texas Code of Criminal Procedure, art. 36.14, required the court to instruct the jury under the laws applicable to art. 36.14, required the court to instruct the jury under the laws applicable to art. 37.07 §3(A)(1). The Appellant counsel correctly pointed out that this court, and other Appellate Courts of this state have a duty to interpret the laws enacted by State Legislature, Texas Constitution, article 2 §1, also Boykin V. State, 818 S.W. 2d 782(Tex. Crim. App. 1991) See also Texas Goverment Code Ann. §311.011(a), which was also

presented to the Court of Appeals but ignored. When considering words and phrases as explained in Boykin, Focusing mainly on the literal text of the statue in question, the instruction given by the court instructed the jury "not to consider sympathy" where sympathy is proper for to consider, and the Fourth Court of Appeals decision conflicts with the United States Supreme Court decision in United States V. Sanders, 272 F. Supp. 245(D.C. Cal. 1967) which was presented to the court as a tool in deciding this issue.

Appellant also pointed out that the trial in California V. Brown, 479 U.S. 538, 542(1987) The Court conclusion of the sympathy instruction was proper, but only if the adjective "merely" is inserted before sympathy, because mere sympathy is not a directive, where using merely in conjuction with sympathy, does focuses the jury on the defendant's moral culpability and on the evidence, which is extremely flawed. The Appellant counsel raised this issue pursuant to Almanza V. State, 686 S.W. 2d 157(Tex. Crim. App. 1985)

The issue present's a basic for reversal, because the unobjected to instruction advising the jury not to consider "sympathy", as opposed to the court instructing the jury not to use mere sympathy was a harmful error. Several case's has been presented to this court on issues involving the jury instruction, and this court has repeatedly determined that, "when a defendant fails to present a proper requested instruction, any error in the charge should be reviewed only for egregious harm under Almanza." See Madden V. State, 242 S.W. 3d 504(Tex. Crim. App. 2007); Hutch V. State, 922 S.W. 2d 166, 171(Tex. Crim. App 1996)(stating egregious harm is the type and level of harm that affects the very basic of the case...): Allen V. State, 253 S.W. 3d at 264, n. 15,: Olivas V. State, 262 S.W. 3d 144, 149(Tex. Crim. App. 2006).

The appellant has never challenged the statutory conflict of the instruction given by the court, nor did he state that there was a conflict in the sympathy instruction and article 36.14, as the Court of Appeals refer to on page (7) of it's opinion, also this is not the same issue discussed by the Second Court of Appeals. Appellant refer's to context, and grammar, this is a matter that involves a matter of "statutory construction" of terms. Conflict with the Supreme Court decision in California V. Brown, 479 U.S. 538(1987) the question in this case is not what the court declares the meaning of the charge to be, but rather what the jury could have understood the charge

as meaning. <u>Francis V. Franklin</u>, 471 U.S. 307(1985): <u>Sandstrom V. Montana</u>, 442 U.S. 510(1979) The instruction gave no indication what so ever that the jury was to distinguish between "tethered" and "untethered" sympathy, the jury was not instructed to avoid mere sympathy, but to avoid sympathy as a whole, when must be reas to modify all the other terms in the instruction, because of the facts stated here, this court should grant this petition, and render relief as required by law.

## PRAYER

Appellant/Petitioner pray that the court grant this petition and reverse and remand this case to the sentencing court for rehearing of the punishment phase of the trial.

## CERTIFICATE OF SERVICE

I certify that on this the 28 day of April 2015, that a true and correct copy of this petition was forwarded by U.S. Mail, First class, to the attorney for the state.

*Elbert Sanders*
ELBERT LEE SANDERS #1871122
ALLEN B. POLUNSKY UNIT
3872 Fm 350 S.
LIVINGSTON, TEXAS 77351

(9)



FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TX

2015 MAY -5 PM 12:16

Keith E. Hottle
KEITH E. HOTTLE CLERK

Elbert Sanders #1871122
Polunsky Unit
3872 Fm-350 So
Livingston, TX 77351

Courts of Appeals
For the Fourth Judicial District
San Antonio, TX
300 Dolorosa St. Suite 3200
78 205