Cite as 2018 Ark. 380

# SUPREME COURT OF ARKANSAS

No. CR-18-107

| | |
|---|---|
| CECIL D. BEENE | Opinion Delivered: December 20, 2018 |
| PETITIONER | |
| | |
| V. | PRO SE MOTION FOR BELATED APPEAL AND RULE ON CLERK |
| STATE OF ARKANSAS | [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. |
| RESPONDENT | 60CR-14-3278] |
| | |
| | MOTION TREATED AS MOTION FOR BELATED APPEAL AND DENIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Petitioner Cecil D. Beene was convicted of sexual assault in the second degree as reflected in a judgment-and-commitment order entered on August 9, 2016. On February 6, 2018, Beene filed in this court a pro se motion for belated appeal and rule on clerk seeking to proceed with a belated appeal of the judgment pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(e) (2017).[1] In his motion, Beene contended that his trial counsel, Hugh Laws, failed to pursue an appeal on his behalf in that he requested an appeal from Laws on the "day [of his] conviction and through [Beene's] mother"; that

---

[1]The motion is treated as a motion for belated appeal under Arkansas Rule of Appellate Procedure –Criminal 2(e), rather than as a motion for rule on clerk, because no notice of appeal was filed. Arkansas Rule of Appellate Procedure –Criminal 2(a) provides that a notice of appeal must be filed within thirty days of the date of entry of the order from which the appeal is taken.

Beene had attempted to contact Laws numerous times to "get an update [ ] to no avail"; and that Beene's mother had requested transcripts to assist in perfecting the appeal and was told that she could not afford them. Beene further alleged that he learned that no notice of appeal had been filed and no appeal had been perfected, which was "expressly contrary to his desire."[2]

When a pro se motion for belated appeal is filed in which the petitioner contends that he or she made a timely request to appeal and the record does not contain an order relieving trial counsel, it is the practice of this court to request an affidavit from the trial attorney in response to the allegations in the motion.[3] The affidavit requested of trial counsel is required because Arkansas Rule of Appellate Procedure–Criminal 16 (2017) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. The right to appeal may be waived by the defendant's failure to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure –Criminal 2(a). *See generally McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004).

---

[2]Beene makes no specific claim as to when he learned that no appeal was perfected.

[3]There was no order relieving Laws in the record filed in this case.

Laws, in his affidavit, averred that immediately after the trial on August 3, 2016, he met with Beene and Beene's family and informed them that that there was a thirty-day period from the entry of the judgment for the filing of a notice of appeal. Laws contended that he consulted with Beene about an appeal and made an effort to determine whether Beene wanted to appeal and that Beene and Beene's sister, Trisha Bailey, informed him that Beene did not want to pursue an appeal and that nothing had indicated since that time that Beene had changed his mind about his desire to seek an appeal.

We remanded the matter for an evidentiary hearing and directed the trial court to enter "Findings of Fact and Conclusions of Law" and submit the findings and conclusions to this court with the transcript of an evidentiary hearing. *Beene v. State*, 2018 Ark. 120. The remand was returned, and the findings of fact and conclusions of law and the transcript of the evidentiary hearing were filed here on June 27, 2018.

The trial court took testimony at the hearing from Beene, Patricia Chamberlain (Beene's sister), Carla Mae Beene (Beene's wife), and Laws. In its findings of fact, the trial court noted that evidence and testimony showed that Beene "never indicated to [Laws] that he wanted to file an appeal." The findings of fact also referenced a letter from Laws to Beene introduced by the State that was dated two days after the sentencing order had been filed. The letter noted the deadline for filing a notice of appeal and expressed Laws's understanding that Beene did not wish to file an appeal. The trial court found Laws's testimony more credible than Beene's.

In determining whether to grant a motion for belated appeal, this court does not reverse the trial court's conclusion of law based on its findings of fact unless the conclusion is clearly erroneous. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). It is well settled that the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* As the merits of Beene's motion for belated appeal rested entirely on the credibility of the witnesses, we accept the trial court's findings that Beene did not articulate a desire to appeal within the time limit allowed for counsel to file a timely notice of appeal. *Id.*

Motion treated as motion for belated appeal and denied.