Cite as 2019 Ark. 295

# SUPREME COURT OF ARKANSAS

No. CR-18-915

| | | |
|---|---|---|
| WALKER M. SMITH | | Opinion Delivered October 24, 2019 |
| | PETITIONER | PRO SE MOTION FOR BELATED APPEAL |
| V. | | [DESHA COUNTY CIRCUIT COURT, NO. 21ACR-16-77] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | REMANDED FOR EVIDENTIARY HEARING. |

COURTNEY RAE HUDSON, Associate Justice

On July 5, 2017, an amended sentencing order was entered reflecting that petitioner Walker M. Smith had been convicted of possession of methamphetamine with purpose to deliver; two counts of possession of paraphernalia; and four additional counts of possession of controlled substances. Concurrent sentences were imposed by the trial court for an aggregate sentence of 240 months' imprisonment. On November 6, 2018, a partial record was tendered in this court consisting of the amended sentencing order, and on the same date, Smith filed the motion for belated appeal that is now before this court, requesting leave to proceed with a belated appeal of his convictions. Smith's motion for belated appeal was filed within the eighteen-month time limitation to file the motion. *See* Ark. R. App. P.–Crim. 2 (2018).

In his motion, Smith alleges that he was tried by and convicted at a bench trial and alleges that he had informed his retained counsel, John Hall, that he "was financially

unable to pay him for any possible needed appeal." However, Smith attached to his belated-appeal motion an affidavit asserting that he had instructed Hall to perfect an appeal from his convictions, but Smith fails to reveal in his affidavit if the alleged request for an appeal was made within the requisite time frame for filing a notice of appeal. *See Cribbs v. State*, 2019 Ark. 158 (A defendant waives his right to appeal by his failure to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal.).

When a pro se motion for belated appeal is filed in which the petitioner contends that he made a timely request to appeal and the record does not contain an order relieving trial counsel, it is the practice of this court to request an affidavit from trial counsel in response to the allegations in the motion. *Id.* As stated above, the trial record consists solely of the amended sentencing order and there is no evidence that trial counsel was relieved from representing Smith.

In his affidavit, Hall contends that Smith admitted guilt to the trial court, and the bench trial consisted of an attempt to mitigate any sentence that would be imposed. Hall further contends that he informed Smith of his right to appeal but also that the appeal would likely consist of a "no merit" brief as Smith had admitted his guilt to the trial court, and the sentence was well within the sentencing range set by statute. Finally, Hall avers that "[n]ever once did anybody, Mr. Smith or his mother or father, say *anything* about appealing after being told of the absolute right to appeal." (Emphasis in original.) Arkansas Rule of Appellate Procedure–Criminal 16 provides in pertinent part that trial

2

counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i).

In view of the above, there remains a question of fact whether Smith communicated to Hall that he wished to appeal, and whether his request to appeal was made within the required thirty-day time period. Further, there remains a question whether Hall complied with Rule 16 and acted within an objective standard of reasonableness in not pursuing an appeal. *Cribbs*, 2019 Ark. 158 (citing *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002)). Because proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the trial court, we remand this matter to the trial court for an evidentiary hearing to determine whether and when petitioner informed counsel that he did not wish to appeal and whether counsel complied with Rule 16. The court is directed to enter findings of fact and conclusions of law within ninety days of the date of this opinion and submit the findings and conclusions to this court with the transcript of the evidentiary hearing.

Remanded for evidentiary hearing.