Cite as 2019 Ark. 390

# SUPREME COURT OF ARKANSAS

No. CR-18-899

| | |
|---|---|
| JUSTIN R. SIMPSON<br><br>                              PETITIONER<br><br><br>V.<br><br><br>STATE OF ARKANSAS<br>                              RESPONDENT | Opinion Delivered: December 12, 2019<br><br><br>PRO SE MOTION AND AMENDED MOTION FOR BELATED APPEAL [POLK COUNTY CIRCUIT COURT, NO. 57CR-18-47]<br><br><br><br>MOTIONS DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Justin R. Simpson asked this court to allow him to proceed with a belated appeal of a judgment reflecting his conviction on charges of fleeing and two counts of endangering the welfare of a minor. Because Simpson made representations conflicting with those made by the attorney who represented him, we remanded the matter to the trial court for findings of fact as to whether Simpson was advised of his right to appeal and, if so, whether Simpson timely notified his attorney of his desire to appeal. *Simpson v. State*, 2019 Ark. 140. The supplemental record has been returned. The trial court found that Simpson's testimony—in which he stated that he had not entered a guilty plea, had not been notified of his right to appeal, and was ignorant about what was involved in an appeal until a fellow inmate helped him—was simply not credible. We deny Simpson's pro se motion and amended motion for belated appeal.

Arkansas Rule of Appellate Procedure–Criminal 16 (2018) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. However, a defendant may waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Cribbs v. State*, 2019 Ark. 158.

When, as here, a case is remanded to the trial court for a factual determination regarding a motion for belated appeal, and the merits of that motion rest on the credibility of the witnesses, this court recognizes that it is the trial court's task to assess the credibility of the witnesses. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). This court does not attempt to weigh the evidence or assess the credibility of the witnesses; that lies within the province of the trier of fact. *Id.* We are bound by the fact-finder's determination on the credibility of witnesses, and we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.* In determining whether to grant a motion for belated appeal, this court does not reverse the trial court's conclusion of law based on its findings of fact unless the conclusion is clearly erroneous. *Beene v. State*, 2018 Ark. 380, 562 S.W.3d 826.

The trial court found that the public defender who represented Simpson, Brandon Crawford, had testified credibly about Simpson's entering a guilty plea followed by jury

sentencing.[1] Crawford testified that, after the jury made its decision, he advised Simpson that he had a right to appeal the sentencing order and that he had thirty days in which to make the decision. Crawford said that Simpson told him that he wanted to speak to his family about the appeal, and that Simpson failed to advise him of his desire to appeal before the time for filing a notice of appeal had expired.

The merits of Simpson's motions for belated appeal rested entirely on the credibility of the witnesses. *See id*. The trial court found that, as Crawford testified, Simpson was advised about his right to appeal—including the time frame in which the notice of appeal must be filed. The trial court further found that Simpson did not timely articulate a desire to appeal, and its findings indicate that Crawford had acted in a professionally reasonable manner by not filing a notice of appeal. The trial court's conclusions are supported by the transcript, and we therefore accept the trial court's findings and deny the motions for belated appeal. *Strom*, 348 Ark. 610, 74 S.W.3d 233.

Motions denied.

---

[1]There was a discrepancy between Crawford's statement in his affidavit that the jury sentencing had followed Simpson's guilty plea and a notation on the sentencing order in the record. We requested that the supplemental record include the amended judgment reflecting a correction, if there had in fact been a clerical error in that regard. *Simpson*, 2019 Ark. 140. The supplemental record includes a copy of a "6th Amended" sentencing order that does reflect that Simpson entered a plea and was sentenced as a habitual offender by the jury. The supplemental record also includes supporting documentation for the entry of the plea through a certified transcript of the plea proceedings from Simpson's trial.