Cite as 2020 Ark. 171

# SUPREME COURT OF ARKANSAS

No. CR-18-915

WALKER M. SMITH

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

Opinion Delivered: April 30, 2020

PRO SE MOTION FOR BELATED APPEAL [DESHA COUNTY CIRCUIT COURT, NO. 21ACR-16-77]

MOTION DENIED.

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Walker M. Smith asked this court to allow him to proceed with a belated appeal of a judgment reflecting his conviction on charges of possession of methamphetamine with purpose to deliver; two counts of possession of paraphernalia; and four additional counts of possession of controlled substances. Concurrent sentences were imposed by the trial court for an aggregate sentence of 240 months' imprisonment. Because Smith's assertions that he asked counsel to appeal conflicted with counsel's account of their communications, the matter was remanded. *Smith v. State*, 2019 Ark. 295. Specifically, the trial court was asked to determine whether Smith communicated to counsel, John Hall, that he wished to appeal, whether he communicated his request to

appeal within the required time period of thirty days, and whether Hall acted within an objective standard of reasonableness in not pursuing an appeal. *Id.*

The trial court held a hearing in which Smith and Hall testified. Hall testified that he had met with Smith immediately following the conviction and had advised Smith of his right to appeal but also advised Smith that he was not likely to prevail. However, Hall testified that he informed Smith that the decision to appeal was up to him. Hall further testified that Smith did not ask at the time of this meeting to lodge an appeal and that neither Smith nor members of Smith's family contacted Hall about filing an appeal at any time after Hall's final meeting with Smith. Smith's testimony conflicted with Hall's testimony in that Smith insisted that he asked Hall to appeal but that Hall demanded additional payment to pursue an appeal. The trial court found Hall's testimony to be more credible, concluded that Smith had waived his right to appeal, and determined that Hall had performed within an objectively reasonable standard. In view of this finding based on the credibility of the witnesses, we deny Smith's pro se motion for belated appeal.

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. However, a defendant may waive the right to appeal by failing to inform counsel of his or her desire

to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Cribbs v. State*, 2019 Ark. 158.

This court recognizes that when a case is remanded to the trial court for a factual determination regarding a motion for belated appeal, and the merits of that motion rest on the credibility of the witnesses, it is the trial court's task to assess the credibility of the witnesses. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). In determining whether to grant a motion for belated appeal, this court does not reverse the trial court's conclusion of law based on its findings of fact unless the conclusion is clearly erroneous. *Beene v. State*, 2018 Ark. 380, 562 S.W.3d 826. The trial court's conclusions are supported by the transcript, and we therefore accept the trial court's findings and deny the motion for belated appeal. *Strom*, 348 Ark. 610, 74 S.W.3d 233.

Motion denied.