Cite as 2020 Ark. 203
# SUPREME COURT OF ARKANSAS
No. CR-19-695

| | |
|---|---|
| JEFFREY MAREK<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered: May 21, 2020<br><br>PRO SE MOTIONS FOR BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL<br>[SALINE COUNTY CIRCUIT COURT, NO. 63CR-18-399]<br><br><br>REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW. |

**KAREN R. BAKER, Associate Justice**

Following his conviction on a charge of aggravated assault on a family/household member, petitioner Jeffrey Marek filed pro se motions in this court in which he sought to belatedly appeal the judgment of conviction, permission to proceed in forma pauperis, and appointment of counsel. Marek alleged that after he was convicted, he advised his retained attorney, David Cannon, that he wished to appeal the criminal conviction but that Cannon had failed to file a timely notice of appeal. Cannon responded in an affidavit, and he disputes that account, contending that Marek failed to advise him that he wished to appeal the conviction. Because proper disposition of the matter requires findings of fact, we remand the matter to the trial court for an evidentiary hearing.

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a

convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i). A defendant may nevertheless waive the right to appeal by the defendant's failure to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure– Criminal 2(a). *Beene v. State*, 2018 Ark. 120.

The record on appeal does not contain an order relieving Cannon, so the question remains whether and when Marek communicated to Cannon that he wished to appeal and whether Cannon complied with Rule 16—that is, whether Cannon acted within an objective standard of reasonableness in not pursuing an appeal. *See Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). Because proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the trial court, we remand this matter to the trial court for an evidentiary hearing on the issue of whether and when Cannon was informed by Marek that he wished to appeal his conviction and whether Cannon complied with Rule 16.

In addition, although it appears that, initially, Marek was represented by a public defender, the record establishes that Cannon was retained and that Marek's family paid him. Marek's affidavit of indigency also lists some property that he still owns. Accordingly, this court requires additional findings of fact concerning Marek's request to proceed on appeal as a pauper. There are many factors to be considered in evaluating whether to grant a defendant status as a pauper. *See Berger v. Kelley*, 2018 Ark. 381, 563 S.W.3d 557 (noting that the ability of bystanders such as friends and family members to assist with expenses is

2

not a factor in determining a petitioner's indigency, although an exception may be made if the petitioner has control or complete discretionary use of funds raised by others); *see also Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000) (setting out the criteria to be used in determining the indigency of a defendant). The evidentiary hearing should therefore also address Marek's claim that he is indigent. The trial court is directed to enter "Findings of Fact and Conclusions of Law" and submit those findings and conclusions to this court with the transcript of the evidentiary hearing within ninety days.

Remanded for findings of fact and conclusions of law.