Cite as 2020 Ark. App. 351

# ARKANSAS COURT OF APPEALS

No. CR–20–299

| | | |
|---|---|---|
| TONY RAY REEVES | | **Opinion Delivered:** July 15, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 01DCR-17-47] |
| V. | | |
| | | PRO SE MOTIONS FOR BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL |
| STATE OF ARKANSAS | | |
| | APPELLEE | REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## PER CURIAM

Tony Ray Reeves filed pro se motions for a belated appeal and for appointment of counsel. Reeves alleged that after he was convicted of delivery of methamphetamine, a Class C felony, he advised his attorney, Kyle Stoner, that he wished to appeal the conviction but that Mr. Stoner did not file a timely notice of appeal. Mr. Stoner has responded in an affidavit, and he disputes that account, contending that Reeves did not advise him that he wished to appeal the conviction. In the sentencing order, the circuit court checked the box indicating that Reeves was not informed of his appellate rights. Because proper disposition of the matter requires findings of fact, we remand the matter to the circuit court for an evidentiary hearing.

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the circuit court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P.–Crim. 16(a)(i). A defendant may nevertheless waive the right to appeal by the defendant's failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Beene v. State*, 2018 Ark. 120.

The record on appeal does not contain an order relieving Mr. Stoner, so the question remains whether and when Reeves communicated to Mr. Stoner that he wished to appeal and whether Mr. Stoner complied with Rule 16—that is, whether Mr. Stoner acted within an objective standard of reasonableness in not pursuing an appeal. *See Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). Because proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made in the circuit court, we remand this matter to the circuit court for an evidentiary hearing on the issue of whether and when Reeves informed Mr. Stoner that he wished to appeal his conviction and whether Mr. Stoner complied with Rule 16. *Marek v. State*, 2020 Ark. 203. The circuit court is directed to enter "Findings of Fact and Conclusions of Law" and submit those findings and conclusions to this court with the transcript of the evidentiary hearing within ninety days.

Remanded for findings of fact and conclusions of law.