Cite as 2020 Ark. App. 503

# ARKANSAS COURT OF APPEALS

**No.** CR–20–299

| | | |
|---|---|---|
| TONY RAY REEVES | | **Opinion Delivered:** October 28, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 01DCR–17–47 ] |
| V. | | |
| | | PRO SE MOTIONS FOR BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL DENIED |
| STATE OF ARKANSAS | | |
| | APPELLEE | |

**PER CURIAM**

Tony Ray Reeves filed pro se motions for belated appeal and for appointment of counsel. Reeves alleged that after he was convicted of delivery of methamphetamine, he advised his attorney, Kyle Stoner, that he wished to appeal the conviction but that Mr. Stoner did not file a timely notice of appeal. Mr. Stoner responded in an affidavit and disputed that account. We remanded the matter to the circuit court for an evidentiary hearing and directed the court to enter findings of fact and conclusions of law and to submit the findings and conclusions to this court with the transcript of an evidentiary hearing. *See Reeves v. State*, 2020 Ark. App. 351. The circuit court's findings of fact and conclusions of

law and the transcript of the evidentiary hearing were submitted to this court on October 13. We now deny Reeves's motions for belated appeal and for appointment of counsel.[1]

The circuit court held an evidentiary hearing on September 21, and it took testimony from Reeves and Stoner. In its findings of fact, the court found that it had advised Reeves of his right to appeal at the sentencing hearing following his conviction.[2] The court further found that at the evidentiary hearing, Reeves admitted that he never told Mr. Stoner of his desire to appeal his conviction. The court thus concluded that Reeves did not advise Mr. Stoner of his desire to appeal his conviction and that Mr. Stoner was not obliged to file a notice of appeal without instructions from Reeves.

The right to appeal may be waived by the defendant's failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *See generally McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). In determining whether to grant a motion for belated appeal, this court does not reverse the circuit court's conclusion of law based on its findings of fact unless the conclusion is clearly erroneous. *Beene v. State*, 2018 Ark. 380; *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). It is well settled that the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting

---

[1]In *Reeves v. State*, 2020 Ark. App. 351, we noted that the sentencing order reflected that Reeves had not been informed of his appellate rights. Following our remand, the circuit court entered an amended sentencing order indicating that Reeves had been advised of his appellate rights.

[2]The court attached the transcript from Reeves's sentencing hearing with its findings of fact and conclusions of law. The transcript reflects that the court informed Reeves "you have the right to an appeal. You have 30 days to appeal this matter to a higher court and your attorney can advise you on how to perfect this appeal."

testimony and inconsistent evidence. *Beene*, 2018 Ark. 380. We accept the circuit court's findings that Reeves did not articulate a desire to appeal within the time limit allowed for Mr. Stoner to file a timely notice of appeal.

Pro se motions for belated appeal and for appointment of counsel denied.