Cite as 2021 Ark. 189

# SUPREME COURT OF ARKANSAS

No. CV-21-120

| | | |
|---|---|---|
| JEFFREY BROWN | | **Opinion Delivered:** October 28, 2021 |
| | PETITIONER | |
| V. | | MOTION FOR BELATED APPEAL [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-20-39] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | <u>REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.</u> |

**JOHN DAN KEMP, Chief Justice**

Petitioner Jeffrey Brown has filed a motion for belated appeal requesting that this court accept his appeal of a Lincoln County Circuit Court order dismissing his petition for writ of habeas corpus. Because the record does not contain an order relieving Brown's trial counsel, we remand to the circuit court for findings of fact and conclusions of law.

I. *Facts*

On March 4, 2020, attorney Josh Q. Hurst filed a petition for writ of habeas corpus on Brown's behalf, and on May 5, the circuit court denied the petition. On March 15, 2021, a partial record on appeal was tendered to this court, and on that same date, Brown filed the instant motion for belated appeal requesting leave to proceed with a belated appeal of the circuit court's denial of his habeas petition. In his motion, Brown alleges that counsel did not send him the order until after the time had expired for filing an appeal of the order. Brown's motion for belated appeal was filed within the eighteen-month time limitation. *See*

Ark. R. App. P.–Crim. 2 (2020) (applying to appeals of orders denying postconviction relief); *Smith v. State*, 2016 Ark. 202 (per curiam).

On May 20, 2021, this court ordered Hurst to respond to the allegations in Brown's motion for belated appeal. In his response, Hurst disputed the allegations in Brown's motion and stated that he sent Brown the order denying the habeas petition on two occasions. Hurst does not state that he informed Brown of his right to appeal the denial of a postconviction petition, nor did Hurst state that Brown had informed him that he did not want to pursue an appeal of the circuit court's order. Brown contends that he was not aware that the habeas petition had been denied until the time for exercising his right to appeal had expired. Because proper disposition of this case requires findings of fact, the matter is remanded to the circuit court for an evidentiary hearing.

Arkansas Rule of Appellate Procedure–Criminal 16 provides in pertinent part that "[t]rial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal . . . , unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause." Ark. R. App. P.–Crim. 16(a)(i) (2020). A defendant may waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure –Criminal 2(a). *Beene v. State*, 2018 Ark. 120.

According to Brown, he did not waive his right to appeal because he was not aware of the circuit court's denial of the petition until it was too late. Additionally, the record on appeal does not contain an order relieving Hurst as counsel. Therefore, we cannot ascertain

(1) whether Brown communicated to Hurst that he wished to appeal any adverse ruling by the circuit court and (2) whether Hurst complied with Rule 16—that is, whether Hurst acted within an objective standard of reasonableness in not pursuing an appeal or otherwise advising Brown regarding his appellate rights. *Marek v. State*, 2020 Ark. 203. Because proper disposition of the motion for belated appeal in this case requires findings of fact, which must be made by the circuit court, we remand this matter to the circuit court for an evidentiary hearing to determine whether Hurst complied with Rule 16. We direct the circuit court to enter "Findings of Fact and Conclusions of Law" and submit those findings and conclusions to this court with the transcript of the evidentiary hearing within 120 days.

Remanded for findings of fact and conclusions of law.