Cite as 2022 Ark. 101

# SUPREME COURT OF ARKANSAS

No. CV-21-120

| | | |
|---|---|---|
| JEFFREY BROWN | | **Opinion Delivered:** May 19, 2022 |
| | PETITIONER | |
| V. | | MOTION FOR BELATED APPEAL [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-20-39] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | MOTION FOR BELATED APPEAL GRANTED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Jeffrey Brown filed a motion for belated appeal from a circuit court order

dismissing a petition for writ of habeas corpus that had been filed on his behalf by attorney

Josh Q. Hurst. Following a remand of the matter to the circuit court for findings of fact and

conclusions of law, we grant the motion for belated appeal.

## I. *Facts*

On May 8, 1982, Brown entered a negotiated plea of guilty to first-degree murder and

was sentenced to life imprisonment. On March 4, 2020, Hurst filed a petition for writ of

habeas corpus on Brown's behalf. The circuit court denied the petition on May 5, 2020. On

March 15, 2021, Brown filed a motion for belated appeal. Brown alleged in his motion that

Hurst did not send him the order dismissing the petition until the time to file an appeal had

expired and that Brown had not waived his right to appeal.[1] A partial record was tendered to this court also on March 15, 2021. The partial record reflected that Hurst did not file a motion to be relieved as counsel for Brown.

On May 21, 2021, this court directed Hurst by per curiam order to file a response to the motion for belated appeal. Accordingly, Hurst responded, disputing the allegations in Brown's motion and stating that he had sent the order denying the habeas petition to Brown on two occasions. However, Hurst did not state that he had informed Brown of his right to appeal the denial of a postconviction petition, nor did Hurst state that Brown had informed him that he did not want to pursue an appeal from the circuit court's order.

As a result of the conflicting allegations in the motion for belated appeal and the affidavit submitted by Hurst, the matter was remanded to the circuit court for a hearing and entry of an order setting out findings of fact and conclusions of law on whether Hurst had acted in keeping with Rule 16 of the Arkansas Rules of Appellate Procedure–Criminal (2020). *Brown v. State*, 2021 Ark. 189, at 1–3. The circuit court held a hearing that included the testimony of Hurst and Brown and the admission of two letters that Hurst sent to Brown following the dismissal of the habeas petition.

On February 16, 2022, the circuit court entered its order, and the supplemental record was filed in this court the following day. The circuit court concluded that Hurst did not act within an objective standard of reasonableness in not pursuing the appeal or

---

[1] Brown's motion for belated appeal was filed within the eighteen-month time limitation to file the motion. *See* Ark. R. App. P.–Crim. 2 (2020).

otherwise advising Brown of his appellate rights. The circuit court's finding was based on the following: (1) Hurst did not establish that he had entered into an agreement with Brown that approved limited representation of Brown that did not encompass appellate representation, (2) Hurst had failed to withdraw from representation after the order dismissing the petition was entered, and (3) there was no evidence that Brown had affirmatively waived the right to appeal the order dismissing the habeas petition. The circuit court also noted that the second letter, sent by Hurst to Brown after Hurst became aware that Brown had not received his first letter, did not inform Brown of the right to appeal. The circuit court further noted inconsistencies between statements made in Hurst's affidavit and Hurst's testimony at the hearing. We now consider Brown's motion.

## II. *Motion for Belated Appeal*

Arkansas Rule of Appellate Procedure–Criminal 16 provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Ark. R. App. P. –Crim. 16(a)(i). However, a defendant may waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a). *Smith v. State*, 2020 Ark. 171, at 2–3.

This court recognizes that when a case is remanded to the circuit court for a factual determination regarding a motion for belated appeal, and the merits of that motion rest on

3

the credibility of the witnesses, it is the circuit court's task to assess the credibility of the witnesses. *Strom v. State*, 348 Ark. 610, 614, 74 S.W.3d 233, 235 (2002). This court does not attempt to weigh the evidence or assess the credibility of the witnesses; that lies within the province of the trier of fact. *Id.*, 74 S.W.3d at 235. Likewise, we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.*, 74 S.W.3d at 235. In determining whether to grant a motion for belated appeal, this court does not reverse the circuit court's conclusion of law on the basis of its findings of fact unless the conclusion is clearly erroneous. *Smith*, 2020 Ark. 171, at 3.

Here, the circuit court's findings and conclusions were not clearly erroneous. Thus, for the reasons articulated by the circuit court, we grant the motion for belated appeal. Our clerk is directed to lodge the tendered record. Because Hurst is attorney of record, he is responsible for proceeding as counsel.

Motion for belated appeal granted.